**In re GANNETT NEWS SERVICE, INC., the Louisiana Television Broadcasting Corporation, and the Capitol City Press, Petitioners.**

**No. 85–3490.**

United States Court of Appeals, Fifth Circuit.

Sept. 9, 1985.

---

**114**

James A. Cobb, Jr., New Orleans, La., for Gannett.

Lloyd J. Lunceford, Baton Rouge, La., for La. & Capitol.

Marcel Livaudais, U.S. Dist. Judge, John Volz, U.S. Atty., New Orleans, La.

Camille Gravel, Jr., James F. Neal, Baton Rouge, La., for Edwards.

John R. Martzell, New Orleans, La., for Marion Edwards.

Risley Triche, Napoleonville, La., for Migalis.

Before WILLIAMS, GARWOOD, and JOLLY, Circuit Judges.

BY THE COURT:

IT IS ORDERED that the motion of petitioners for reconsideration of Petition for Writ of Mandamus and Prohibition is DENIED.

The Court has considered the motion for reconsideration, and supporting memoranda, of petitioners Gannett News Service, Inc., et al., and has also considered the opposition thereto of Governor Edwin Edwards, Marion Edwards, and Gus Mijalis, and of Ronald Falgout, all of whom are defendants in the underlying criminal, prosecution in the district court (*United States v. Edwin Edwards, et al.,* Criminal No. 85,078, E.D.La.). The United States, though afforded an opportunity to make known to this Court its views in the premises, has advised that it will not participate in these proceedings before this Court. This Court has received and examined the sealed documents called for in its Order herein of August 28, 1985, including the motions *in limine* to exclude evidence from being admitted at trial and supporting memoranda filed by the defendants in the district court, the response thereto and supporting memoranda filed by the United States, material to which the motions *in limine* were directed, and the district

court's August 27, 1985 Reasons for Ruling in respect thereto. By their instant motion for reconsideration, petitioners seek this Court's writ of mandamus to require the district court "to immediately unseal the questioned evidence and have same filed in the public record for inspection by the public and press." We deny the requested relief.

In its minute entry of August 27, the district court denied the defendants' motions *in limine* to exclude evidence and the motions of other defendants for the same relief or, alternatively, for severance, and ruled that "the documents filed under seal if offered at trial and if duly authenticated will be deemed admissible." In its August 27 Reasons for Ruling, the district court stated that "[a]fter careful consideration of this difficult issue," it concluded that the material to which the motions *in limine* were directed would be (if duly authenticated and offered in evidence) admissible as against certain of the defendants, but only for certain limited purposes, and that "the admission of the evidence in question would be accompanied by a specific cautionary instruction" to the jury. As to the other defendants to whom the matter sought to be suppressed did not relate, the district court observed "[t]hat the Court at the outset of trial and in final instructions can charge the jury to consider testimony and evidence adduced at trial only as it relates to a particular defendant that the evidence addresses." In a portion of its August 27 Reasons for Ruling plainly intended to apply to all defendants, the court stated:

"The evidence at issue, the accompanying pleadings, the Court's Reasons for Ruling will remain under seal until a jury is impanelled and sworn in order to prevent potential jurors from considering this evidence without proper instructions. The likelihood of potential jurors considering this evidence improperly and the difficulty of selecting an impartial jury given the certain widespread dissemination of this evidence mandates that this particular matter be kept under seal only until such time as they are offered in evidence for use at trial."

We view these conclusions as fairly supported and as justifying denial of the relief requested by petitioners' motion for reconsideration under the criteria of *United States v. Chagra*, 701 F.2d 354 (5th Cir. 1983). Although the district court has ruled that the material may be admitted into evidence if properly authenticated and offered, it can only be admitted as to certain defendants, and as to them only for limited purposes, and limiting instructions will be given the jury at the outset of trial, when and if the evidence is admitted, and in the final charge. Doubtless the jury will also be instructed not to discuss the evidence or the case among themselves or with others prior to the court's final charge, and to avoid reading or listening to outside accounts of the case. If the potential "evidence" is received and discussed in advance of trial, and in the absence of limiting instructions, by those who may become jurors, the substance of the proper conditions on admissibility may in large measure be effectively dissipated.

We also observe that trial of the instant criminal case is set for September 17, 1985, and none of the "questioned evidence" is of the kind that has any reasonable possibility of being of greater interest or utility to the public in the brief interval prior to September 17 than then or during the balance of the trial. *See Gannett Co., Inc. v. De Pasquale*, 443 U.S. 368, 99 S.Ct. 2898, 2912, 61 L.Ed.2d 608 (1979) (denial of access "not absolute but only temporary"). Against this relatively limited impairment of the public's "right to know" must be weighed the likelihood of prejudice to the defendants' right to a fair trial. As the district court stated in its August 22, 1985 Reasons for Ruling, the pending trial has had extensive media coverage (nationally and locally) in general and in particular about the nature of the material addressed by the motions *in limine*, and "whether the court would ultimately determine the evidence *admissible or not*, there is a strong likelihood that this publicity will have an influence on public opinion that would make it

more difficult to select an unbiased jury" (emphasis added). Moreover, the court there noted that *"whether the evidence is ruled admissible* or not, it will not be unsealed prior to the selection and impanelling of a jury" (emphasis added), and reaffirmed its previous conclusion "that defendants' right to a fair trial would likely be prejudiced" by public disclosure of the material prior to trial. The district court also there found that other alternatives would not be efficacious in protecting the defendants, and likewise noted that they had insisted on their venue rights under the Constitution and the Federal Rules of Criminal Procedure.

Petitioners rely, *inter alia,* on *United States v. Posner,* 594 F.Supp. 930 (S.D.Fla. 1984). However, there the material to which access was sought had already all actually been admitted into evidence (without limitation) at trial. Here, none of the material has been admitted into evidence (and apparently none will be admitted unlimitedly). Moreover, in *Posner* the order granting access was stayed for thirty days. *Id.* at 937.

█ We are not dealing with evidence here at all; not even with material which has been *offered* into evidence. The material in question has been filed with the district court solely in connection with and response to defendants' motions *in limine.* It is obvious that those motions have been filed in good faith and are not frivolous. Though we do not intimate the slightest question concerning the district court's ruling thereon, that court itself referred to "this difficult issue" posed by those motions. Had it not been for the motions there would be no material on file for petitioners to seek access to. Nor would petitioners have received the material from any of the parties or their attorneys, as they all were at all times material, and still are, under a previously entered court order, which no one has challenged, generally forbidding any disclosures of that kind in respect to this case (indeed there is no indication that there would have been any disclosure absent such a court order). We are

reluctant to burden a good faith nonfrivolous motion *in limine* with the risk that if it is unsuccessful the movant must suffer adverse pretrial publicity, and consequent potential prejudice to a fair trial, which would not have occurred had the motion not been filed. The use of the motion *in limine* device itself is often very important in securing a fair trial. The undesirability of putting such a "price" on it is a factor weighing against the position of petitioners. The results of pretrial discovery may be restricted from the public. Similar considerations apply, in a proper case such as this, to restrictions on pretrial disclosure of matters considered in connection with a motion *in limine. Cf. Seattle Times Company v. Rhinehart,* 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

█ Contrary to petitioners' assertions, temporary denial of access such as involved here constitutes no form of prior restraint. *Gannett Co., Inc. v. De Pasquale,* 99 S.Ct. at 2912 n. 25.

█ Petitioners contend, citing a recent anonymously authored newspaper article, that Governor Edwards has publicly stated he wished he could reveal the evidence. He has, however, taken no such position in this Court, and in this Court through his counsel he has, on the public record, opposed the relief sought herein by petitioners, namely, an order requiring the referenced sealed material to be immediately available for public disclosure. It is likewise of public record that all defendants in the criminal case, including Governor Edwards, filed, through their respective counsel, a motion *in limine* to exclude certain evidence from being admitted at trial, and sought, and received, a closed hearing thereon, and that the district court, by its August 22 Reasons for Ruling, found that defendants' right to a fair trial would otherwise likely be prejudiced. We cannot base our disposition of this case on the position which a newspaper article says was taken by Governor Edwards at an unrelated public function.

For the foregoing reasons, petitioners' motion for reconsideration is DENIED.