UNITED STATES of America,

v.

Kirksey McCord NIX, Jr., Thomas Leslie Holcomb, Glenn Joseph Cook, Peter Halat, Jr., and Sheri Lara Sharpe.

Criminal No. 2:96cr30PG.

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

May 1, 1997.

James Tucker, Richard Starrett, Peter Barrett, John Dowdy, Jackson, MS, for plaintiff.

Thomas E. Royals, Jackson, MS, Jeff Hall, Clark Hicks, Hattiesburg, MS, David Chesnoff, Las Vegas, NV, John Colette, Jackson, MS, Tommy Spina, Birmingham, AL, Mike Adelman, Hattiesburg, MS, for defendants.

**OPINION**

PICKERING, District Judge.

In this conspiracy to commit murder case, on March 21, 1997, the Court entered two Orders sealing two Motions without giving prior notice to the public and press. One Order sealed a motion of Defendant Glenn Joseph Cook to dismiss the indictment against him, and the other Order sealed a motion of Peter Halat, Jr. to sever. Both Orders sealing these motions also sealed all exhibits attached to the motions. The Court file in this case is voluminous, and pretrial hearings have been both extensive and often. The two Orders entered March 21, 1997, sealing these two motions are the only instances where either the court file or the courtroom has been closed to the public and press. In all other respects, the courtroom and court file has remained completely open for public inspection, review, and participation.

On March 24, 1997, promptly after learning of the entry of the two Orders sealing the motions and attached exhibits, Gulf Publishing Company, Inc. ("Gulf Publishing"), which publishes *The Sun Herald* newspaper in Gulfport, Mississippi, filed its motion to unseal court records, to gain access to oral argument on the motions which had been sealed by the Court, to obtain transcripts of any oral argument which had been or would be made on those motions, to object to closure of the court file or court room, and to obtain notice of any other closure of the court file or courtroom in these proceedings. Contemporaneous with filing its motion to gain access, Gulf Publishing requested permission of the Court to brief its motion and for oral argument. The Court heard argument on April 17, 1997, from attorneys for Gulf Publishing, the U.S. Attorney, and counsel for all defendants present, whereupon the Court announced its decision on the motion of Gulf Publishing, which denied in part and granted in part the relief requested.

 As argued by Gulf Publishing, there is a presumption of openness to the courtroom secured by the First Amendment of the United States Constitution. This openness attaches to not only the trial itself but to jury selection preliminary to commencement of the case. *Press–Enterprise Co. v. Superior Court of California,* 464 U.S. 501, 507–11, 104 S.Ct. 819, 823–24, 78 L.Ed.2d 629 (1984) (*Press–Enterprise I* ). The First Amendment likewise secures in favor of the public and press a presumption of openness to preliminary hearings in a criminal case such as this. *Press–Enterprise Co. v. Superior Court of California,* 478 U.S. 1, 13–15, 106 S.Ct. 2735, 2743, 92 L.Ed.2d 1 (1986) (*Press–Enterprise II* ).

*"No right ranks higher than the right of the accused to a fair trial. But the primacy of the accused's right is difficult to*

*separate from the right of everyone in the community to attend ... [the proceedings.]....*

The open trial thus plays as important a role in the administration of justice today as it did for centuries before our separation from England. The value of openness lies in the fact that people not actually attending trials can have confidence that standards of fairness are being observed; the sure knowledge that *anyone* is free to attend gives assurance that established procedures are being followed and that deviations will become known. Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system.... This openness has what is sometimes described as "community therapeutic value.".... Criminal acts, especially violent crimes, often provoke public concern, even outrage and hostility; this in turn generates a community urge to retaliate and desire to have justice done. .... Whether this is viewed as retribution or otherwise is irrelevant. When the public is aware that the law is being enforced and the criminal justice system is functioning, an outlet is provided for these understandable reactions and emotions. Proceedings held in secret would deny this outlet and frustrate the broad public interest; by contrast, public proceedings vindicate the concerns of the victims and the community in knowing that offenders are being brought to account for their criminal conduct by jurors fairly and openly selected. ....

"People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing."....

*Press–Enterprise I,* 464 U.S. at 507–09, 104 S.Ct. at 823.

■ The First Amendment requires not only a presumption of openness of the courtroom but openness of court files as well. *S.E.C. v. Van Waeyenberghe,* 990 F.2d 845, 849–50 (5th Cir.1993); *In re Gannett News Service, Inc.,* 772 F.2d 113, 115, 116 (5th Cir.1985). Accordingly, there is a presumption of openness concerning the two motions which on March 21, 1997, were sealed by

order of the Court. The First Amendment right to openness is qualified rather than absolute. The presumption of openness to the court file and the two motions in issue can be overcome, but only when it is shown by the party seeking closure of the courtroom or court file that "there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights." *Press–Enterprise II,* 478 U.S. at 13, 106 S.Ct. at 2743. Even though the right is qualified, the public and press are entitled to prior notice of any attempt by the Court or party to close the courtroom or seal the court file. *U.S. v. Edwards,* 823 F.2d 111, 119 (5th Cir.1987). Having heard the assertion by Gulf Publishing of the presumption of openness attaching to the motions to sever and to dismiss the indictment previously sealed by the Court, the Court is of the opinion that in striking the balance between these defendants' right to a fair trial and the right of the public to have access to those motions and exhibits attached thereto, the balance must be struck in this specific instance by leaving the motions sealed at the present time. In analyzing the request by Gulf Publishing to unseal these motions, the Court has engaged in the following four step process:

■ (1) A party seeking to close a court proceeding or file must advance an overriding interest that is likely to be prejudiced, such as the rights of defendants here to a fair trial. Should the motions and exhibits be unsealed at this time the Court finds the defendants' rights to a fair trial will undoubtedly be impaired. As to the motion of Defendant Cook to dismiss the indictment, names and addresses of certain witnesses for the prosecution are contained in the motion and attached exhibits, which if unsealed at the present time would compromise the safety and well being of those potential witnesses. The Court has considered redacting those potential witnesses' names and addresses, but considering the motion and the exhibits as a whole, this is not a satisfactory alternative to closure since the witnesses' names and addresses could be surmised

nonetheless. As to the motion by Defendant Halat to sever, there are specific allegations indicating possible guilt on the part of certain defendants here which would not only have potential to prejudice the jury but may also constitute evidence which is inadmissible at trial. The Court has considered *voir dire* to determine possible juror bias as an alternative to sealing of the motions, but has found this would not be a workable solution in this specific case. In further support of the need to keep the motions sealed at this time see *Gannett,* 772 F.2d at 115–16 for the proposition that the exhibits and the related evidence attached to the two motions in issue here may be ultimately ruled inadmissible. In any event, that is a decision to be made by the Court during the trial, if ever, as opposed to being made now. Finally, other specific grounds for sealing the motions were raised before the motion for access was filed by Gulf Publishing, but henceforth any further or other closure or sealing will be supported by specific on the record findings only after notice to the press and public. The Court's discretion in any further closure or sealing will be exercised charily. *Van Waeyenberghe,* 990 F.2d at 848. See also *United States v. Criden,* 675 F.2d 550 (3rd Cir.1982). It is quite conceivable that had the decision to seal the motions been made only after notice to and objections by Gulf Publishing, other grounds supporting the sealing would have been raised by the prosecution or defense.

(2) The closure must be no broader than necessary to protect the interest of the criminally accused's right to a fair trial. Accordingly, the Court will grant the alternative relief requested by Gulf Publishing and unseal the motion and exhibits of the Cook motion to dismiss the indictment as soon as testimony is elicited from the witness stand by the witnesses referred to in the motion and exhibits. If those witnesses do not testify, the motion and exhibits will be furnished to Gulf Publishing when all testimony has concluded. As to the motion of Defendant Halat to sever, this motion and exhibit will be unsealed promptly after the jury has been selected and qualified and the first witness for the prosecution has taken the stand to testify. The Court again notes that the sealing of these two motions and exhibits are the only portions of the file which have been closed or sealed.

■ (3) The trial Court must consider reasonable alternatives to closing the proceeding. As stated in number (1) above, alternatives have been explored, but the Court finds that they are not reasonable in this particular instance. Those findings should be made prior to any other closure or sealing.

■ (4) The Court must make findings adequate to support the closure of the courtroom or sealing of the court file, which it has done in this opinion, and those findings are likewise to be made prior to closure or sealing after notice to the public and press.

■ In conclusion, the Court is of the opinion that the two motions and attached exhibits will remain sealed only as long as necessary to protect the rights of the criminally accused here. As to the Cook motion to dismiss the indictment, the motion and exhibits will be unsealed as soon as the witnesses referred to in the motion and exhibits testify. As to the Halat motion to sever, that motion and exhibits will be unsealed as soon as the jury has been impaneled and qualified and the first prosecution witness begins to testify.

In recognizing the First Amendment presumption of openness to the courtroom and court files, including the two motions in issue here, the Court also recognizes a right on behalf of the public and press to advance notice of any possible closure of the courtroom or court file. Accordingly, while the Court is not at the present time in a position to articulate any rule about how and when that notice is given by the Court as requested by Gulf Publishing, since such a rule must be necessarily be formulated by all the District Court Judges in Mississippi, the Court is prepared in this case to give actual notice to those representatives of the press who were present in the courtroom during oral argument on the motion of Gulf Publishing to unseal and for related relief. What kind of notice to the public and press of any future threatened closure or sealing will be addressed on a case by case basis. Therefore,

in the event that the Court or any party requests closure of this courtroom or any part of the court file, the Court will give notice of that request to the Clerk, who will in turn notify those members of the press who were present at the hearing on the Gulf Publishing motion and whose names and addresses have previously been furnished to the Clerk and this Court for the purpose of getting any such notice. Therefore, the Court recognizes the First Amendment right of the public and press as argued by Gulf Publishing in its motion to notice prior to any closure of the courtroom or court file.

Lastly, the Court will also allow Gulf Publishing access to the transcript of any oral argument on the motions of Halat and Cook which may take place between now and the time of trial at the time the motions are unsealed. To this point in these proceedings, there has been no oral argument on either of these motions where the public and press were excluded from the courtroom, with the one exception of a brief five minute oral argument on the record during a recess on the day of the oral argument on the motion of Gulf Publishing to unseal the record and for related relief. The transcript of this argument will be made available to Gulf Publishing at its expense after the first prosecution witness has taken the stand to testify.