Chester RUDNICKI, Plaintiff,

v.

Robert SULLIVAN, Defendant.

Civ. A. No. 60–400–J.

United States District Court
D. Massachusetts.

Dec. 29, 1960.

Chester Rudnicki, Somerville, Mass., plaintiff, pro se.

Edward J. McCormack, Jr., Atty. Gen., James J. Kelleher, Asst. Atty. Gen., for defendant.

JULIAN, District Judge.

The plaintiff's complaint alleges that the defendant, an associate justice of the Superior Court of the Commonwealth of Massachusetts, "in a public courtroom at Middlesex Superior Courthouse, sitting at Cambridge, Mass., * * * with direct act of discrimination against the plaintiff, a citizen, has negligently, knowingly and willfully violated the plaintiff's Civil Rights under 14th Amendment of United States Constitution, by defendant's failure to allow the final default and immediate judgment that was due to the plaintiff" in three cases identified by the names of the parties and docket numbers. The complaint further alleges that the defendant while sitting as an associate justice of the Superior Court of the Commonwealth of Massachusetts, in the same three cases, negligently and knowingly disregarded the general laws of Massachusetts, the rules of the Superior Court, and the statutes of the United States, thereby depriving the plaintiff of "compensation, property, and rights" secured to him by the 14th Amendment

to the Constitution of the United States; and that by failing to default the defendant in those cases "the defendant has denied, deprived, and barred the plaintiff's rights in the defendant's courtroom, the rights of a citizen that is provided in the 14th Amendment in the Constitution of the United States." The defendant's acts are also stated to have been wrongful and without legal authority. The plaintiff claims damages.

The defendant did not file an answer to the complaint, but did file within 20 days after the service of the summons and complaint upon him a motion to dismiss on the grounds that (1) the complaint fails to state a claim upon which relief can be granted, (2) the complaint is extremely ambiguous and incoherent and does not meet the requirements of Rule 8(e) (1), Fed.Rules Civ.Proc., 28 U.S.C.A., (3) a judge "is exempt from tort liability for acts done by him in the exercise of his official functions."

■ The plaintiff thereupon filed a motion for judgment on the pleadings under Rule 12(c) basing it in substance on the grounds that the defendant failed to file an answer to the complaint as required by Rule 7(a); that the defendant's motion to dismiss is in effect a demurrer which Rule 7(c) no longer permits to be used, but which nevertheless operates to admit the truth of the facts alleged in the complaint; and that the motion fails to state a "legal" defense to the action.

The plaintiff has appeared pro se from the very inception of this case and apparently has not had the assistance of counsel.

The plaintiff's motion for judgment and the defendant's motion to dismiss were heard on December 27, 1960. After receiving due notice of the hearing the plaintiff informed the Court that he would not appear in person but was "submitting" on his briefs. The motions were argued orally by defendant's counsel who also filed a brief.

While it is true that Rule 12(a) requires the serving of an answer within 20 days after the service of the summons and complaint, the same rule also states that "the service of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the court: (1) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action * * *." A motion asserting the defense that the complaint fails to state a claim upon which relief can be granted is a motion permitted by Rule 12. Therefore the service of such a motion by the defendant stopped the running of the 20-day period referred to in Rule 12(a). Furthermore, Rule 55, Fed.Rules Civ. Proc., provides for the entry of a default only where a party against whom relief is sought fails to plead "or otherwise defend as provided by these rules * * *." The first ground stated in the defendant's motion to dismiss is the same as defense numbered (6) in Rule 12(b), namely, "failure to state a claim upon which relief can be granted." Rule 12(b) allows the defendant at his option to assert this defense either in the answer to the complaint or in a motion. Since the defendant made the defense by motion filed within the prescribed period of time, he was not in default.

The plaintiff's motion for judgment is therefore denied.

■ It appears from the complaint that the defendant committed the alleged wrongs while acting in his judicial capacity. It is to be noted that the Superior Court of the Commonwealth of Massachusetts is a court of general jurisdiction. It is a firmly established rule of law that a judge is immune from civil liability for acts done in the course of his judicial functions. The Civil Rights Act, 42 U.S.C.A. § 1983, has not changed this rule. Francis v. Crafts, 1 Cir., 1953, 203 F.2d 809. In that case Judge Magruder, at page 812, after holding that the Civil Rights Act did not do away with the rule of judicial immunity, calls attention to a statement of the rule in the leading case of Bradley v. Fisher:

"Equally emphatic were the views of the Supreme Court of the United States in the leading case of Bradley v. Fisher, 1871, 13 Wall. 335, 20 L.Ed. 646. There the Court said, 13 Wall. at page 347, 20 L.Ed. 646: 'The principle, therefore, which exempts judges of courts of superior or general authority from liability in a civil action for acts done by them in the exercise of their judicial functions, obtains in all countries where there is any well-ordered system of jurisprudence. It has been the settled doctrine of the English courts for many centuries, and has never been denied, that we are aware of, in the courts of this country.' Further, the Court held that this immunity is not to be defeated by allegations that the judge acted maliciously or corruptly or from other improper motives. The reason of policy for this broad immunity was stated as follows, 13 Wall. at page 349: 'If upon such allegations a judge could be compelled to answer in a civil action for his judicial acts, not only would his office be degraded and his usefulness destroyed, but he would be subjected for his protection to the necessity of preserving a complete record of all the evidence produced before him in every litigated case, and of the authorities cited and arguments presented, in order that he might be able to show to the judge before whom he might be summoned by the losing party—and that judge perhaps one of an inferior jurisdiction —that he had decided as he did with judicial integrity; and the second judge would be subjected to a similar burden, as he in his turn might also be held amenable by the losing party.' "

 The defendant's alleged failure to enter defaults and to render judgments for the plaintiff involves the official acts of the defendant as an associate justice of the Superior Court in litigation pending in that Court and he is therefore not liable to answer to the plaintiff in this case as a matter of law. Francis v. Crafts, supra.

The defendant's motion to dismiss for failure to state a claim upon which relief can be granted is therefore allowed and judgment will be entered dismissing the complaint.