John DOE, (a pseudonym), Plaintiff,

v.

WILLIAM SHAPIRO, ESQUIRE, P.C., Walnut Equipment Leasing Company, Equipment Leasing Company of America, Welco Securities, Kenneth Shapiro, and William Shapiro, Defendants.

Civ. A. No. 94–0925.

United States District Court,
E.D. Pennsylvania.

May 23, 1994.

Martin M. Krimsky, Mitchell Feigenbaum, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, PA, for plaintiff.

Ellen Brown Furman, Fredric L. Goldfein, Goldfein & Joseph, Robert Patrick Coleman, Philadelphia, PA, for defendants.

## MEMORANDUM

GAWTHROP, District Judge.

Pursuant to a settlement which has neither been disclosed to this judge nor filed with this court, the parties to this litigation request that the defendants' motion for sum-

mary judgment, filed before the settlement was reached, be placed under seal. The underlying case concerned allegations by an attorney suffering from AIDS that his employer discharged him because of his illness, in violation of the Americans with Disabilities Act and the Pennsylvania Human Relations Act. Having considered a number of factors identified by the Third Circuit as relevant to the determination of whether a judicial record is appropriately sealed, the court concludes that the parties' request will be granted.

▆ The filing of a document with the court gives rise to a presumptive right of public access. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 161–62 (3d Cir.1993); *see also Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). The decision whether to grant a request that such a record be sealed lies within the sound discretion of the district court, after balancing the need for public access to the record and the parties' desire for confidentiality. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994); *Bank of America Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir.1986). The burden is on the party or parties seeking confidentiality to overcome the presumption of access by demonstrating that the interest in secrecy outweighs the presumption of access. *Hotel Rittenhouse*, 800 F.2d at 344. Among the considerations bearing on this issue are the parties' interest in privacy, whether the information bears on public health or safety, whether the parties seeking secrecy are public entities or officials, whether the settlement involves issues of a public nature, and the judicial policy of encouraging settlements. *Pansy*, 23 F.3d at 786–788. With these factors in mind, I turn to the case at bar.

▆ The nature of this case raises genuine privacy concerns. That the plaintiff was permitted with the consent of all to proceed under pseudonym speaks tellingly to the sensitivity of a case of this ilk. While the record sought to be sealed does not explicitly reveal the plaintiff's identity, it includes a great deal of personal information which may make it more likely that a reader would recognize the plaintiff. In addition, the information, in and of itself, is of a personal nature, disclosing details of the plaintiff's work history and past legal problems. To disclose to the public the contents of the defendants' summary judgment motion, which relied in large part on a legal theory that involved digging up details of the plaintiff's personal life, would subject a critically ill individual to unnecessary embarrassment and, perhaps, revelation of his persona.

No serious issues of public health and safety are implicated by an order sealing the summary judgment motion. Although the plaintiff suffers from AIDS, the motion does not include any information which would bear on public health concerns. In addition, Mr. Doe was not engaged in a profession which even arguably would have created a health risk to his clients. Nor would sealing this motion shield from public scrutiny information about a dangerous consumer product or drug. Rather it would serve only to preserve the privacy and dignity of an individual.

▆ When a case involves a government entity or issues of a public nature, such factors weigh against granting a confidentiality order. *Pansy*, 23 F.3d at 788 & n. 18 (citing cases). Here, however, this is not the case. This litigation concerned allegations of employment discrimination against a private employer by a private individual. No public entities are involved as parties, nor are there any allegations touching on the conduct of public officials. The parties to this lawsuit resolved their dispute through a settlement agreement, which has not been filed with the court, and which they have agreed among themselves to keep confidential. The summary judgment motion they seek to seal contains purely personal information regarding the plaintiff. As the Third Circuit has stated, "if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Pansy*, 23 F.3d at 788.

Finally, a factor to consider, though it is by no means dispositive, is the interest in promoting settlement. *See Pansy*, 23 F.3d at

788 ("[T]he interest in furthering settlement should only be one factor in the district court's determination."). Particularly in a case of this sort, where time is of the essence in bringing the matter to final resolution, settlement can well be a more palatable path for a plaintiff than litigation, both trial and appellate, that could go on for years. Here, the parties have agreed that a narrowly tailored request to seal should be a part of the resolution of this lawsuit. They have not sought to seal the entire record, but only a single motion, which includes personal information about the plaintiff. The court cannot state with assurance that, but for the agreement to request that the motion be sealed, the parties would not have settled. The court notes, however, that throughout the litigation, the plaintiff has sought to shield certain members of his family, including a child, from learning various details of his situation which may have resulted in embarrassment or emotional trauma to them. The court finds it plausible that the plaintiff would have continued to view this consideration as important and may not have been willing to settle without concessions which would protect his family from humiliation. In this context, the court finds this narrowly tailored request to be not only reasonable, but humane.

Having considered all of the above factors, and balancing the parties' interest in sealing the defendants' summary judgment motion against the public's interest in keeping this judicial record available, the court concludes that the presumption of public access is overridden by the need for keeping confidential this judicial record. Accordingly, the parties' request shall be granted.