**Baby DOE, et al.**

v.

**METHACTON SCHOOL DISTRICT, Gerald Raske, Philadelphia School District, Michael Giamo, John Klock, J. Russell McConnell and Gregory DiFonzo.**

Civ. A. No. 94–0244.

United States District Court,
E.D. Pennsylvania.

March 2, 1995.

JOYNER, District Judge.

Today, we consider three motions of the Philadelphia Newspapers, Inc. (PNI) regarding the above captioned litigation. PNI seeks, first, to intervene in this action for the limited purpose of seeking access to judicial records. Second, PNI seeks to immediately unseal the docket solely to permit its Motions to appear on the public docket, and last, PNI seeks to unseal the entire record in this action. All parties have agreed that Plaintiffs' interests are primarily at stake in these motions, and so only Plaintiffs have responded. Plaintiffs do not contest PNI's motion to intervene, but do oppose any attempt to unseal the record in any way.

This litigation arises out of the sexual molestation of a minor girl, Baby Doe, by her school teacher. The teacher was convicted in state court for both molesting Baby Doe as well as for possessing child pornography (a videotape the teacher made of him molesting Baby Doe). Baby Doe and her family have sued the teacher, as well as two School Districts and various school officials for damages resulting from the abuse. The events resulting in this action were well reported by both local and national media at the time of the teacher's criminal proceedings.

## INTERVENTION

█ Because PNI's motion to intervene is uncontested, PNI shall be permitted to intervene for the limited purpose of seeking access to judicial records. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780 (3d Cir. 1994).

## UNSEAL JUDICIAL RECORD

█ In the United States, there is a strong tradition of public access to both criminal and civil trials and the resulting judicial records. This tradition is based on both the common law right to access doctrine as well as the First Amendment. *Pansy*, 23 F.3d at 780–81; *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066, 1070 (3d Cir.1984). Once a document is filed with a court, the public presumptively gains a right to access it. *Doe v. William Shapiro, Esquire, P.C.*, 852 F.Supp. 1256, 1257 (E.D.Pa.1994). This pre-

Stuart R. Silver, Bernstein, Silver, & Gardner, Philadelphia, PA, for plaintiffs.

Eileen Epley Wiggons, Philadelphia, PA, for defendant, Gregory DiFonzo.

Andrew S. Rosen, Asst. Gen. Counsel, the School Dist. of Philadelphia, Philadelphia, PA, for defendants Phila. School Dist. and Michael Giamo.

Dennis J. O'Leary, White and Williams, Philadelphia, PA, for defendant John Klock.

Joseph T. Bodell, Jr. and Louis Bove, Swartz, Campbell & Detweiler, Philadelphia, PA, for defendant Gerald Raske.

Joseph F. McNulty, Jr., Post & Schell, Philadelphia, PA, for defendant McConnell.

Andrew A. Borek, John M. Donahue, Robert R. Harris, Harris & Silverman, Philadelphia, PA, and Rosemary Mullaly, Curtin & Heefner, Doylestown, PA, for defendant Methacton School Dist.

Amy B. Ginensky and Jacquelyn J. Fatula, Dechert Price & Rhoads, Philadelphia, PA, for Movants, Philadelphia Newspapers, Inc.

sumptive right, however, is not absolute. *In re Search Warrant for Secretarial Area Outside Office of Thomas Gunn*, 855 F.2d 569, 574 (8th Cir.1988).

■ The right can be overcome if a district court determines that the parties' interest in secrecy outweighs the public's interest in access to public records. *Doe*, 852 F.Supp. at 1257 (citing *Pansy*, 23 F.3d at 786). The burden is on the party seeking secrecy to show, with specificity, that its interest outweighs the public's. *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir.1993); *Pansy*, 23 F.3d at 786. And, "a party who seeks to seal an *entire* record faces an even heavier burden." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (emphasis in original).

■ The factors used to initially decide or to later modify a Confidentiality Order are the same. *Pansy*, 23 F.3d at 790. Factors a district court should consider include; the parties' interest in secrecy, whether the parties seeking secrecy are public entities, the parties' reliance on a standing confidentiality order, potential embarrassment to the parties, and whether the action involves public health or safety. *Doe*, 852 F.Supp. at 1257; *Pansy*, 23 F.3d at 786–88.

■ Courts should take the least restrictive course when ruling on these matters. So, when courts have found that a wholesale seal is unwarranted, they have instead permitted the use of pseudonyms, or have simply redacted identifying information from an otherwise public record. *M.P. v. Schwartz*, 853 F.Supp. 164, 167–68 (D.Md.1994).

After the Complaint was filed in this Court, but before it was served on Defendants, and with the benefit of an ex parte hearing, this Court entered a Confidentiality Order for the action that sealed the entire judicial record, including the docket, from the public. The Defendants have at no time opposed this closure. PNI, however, seeks to modify the order on the ground that the public's interest in this action is superior to the Plaintiffs' interest in confidentiality. It is important to note at this point that PNI has not moved to change the Doe designation for either Baby Doe or her family.

■ Preliminarily, we find that there is little, if any, support for our previous decision to seal the docket from the public. The Third Circuit has held that a docket should be public, even if this entails redacting it to omit identifying details. *United States v. Criden*, 675 F.2d 550, 559 (3d Cir.1982) (docket in criminal case). Accordingly, PNI's motion to unseal certain entries in the docket is now moot, because the entire docket shall now be unsealed.

We turn now to our decision to seal the entire file in the action. PNI asserts that the public has an interest in this action because defendants are two public school districts and its officials, and because it involves the sexual molestation of a child by her school teacher. It alleges that the public has an interest in learning what knowledge the school districts had when they hired and fired the school teacher, whether any other children were molested by the teacher, whether any decision-makers are still in decision-making positions with the schools, and whether any school employees were disciplined as a result of the events.

Plaintiffs disagree that the public's interest is significant. They assert that the decision-makers at the time of the molestation are no longer associated with the school boards, that the school teacher is in jail, and no longer a threat to other children, and that the numerous newspaper articles published at the time of the criminal proceedings answer any remaining questions the public might have.

Plaintiffs argue that, in contrast to the public interest, the interest of the Plaintiffs, especially Baby Doe, is of overwhelming significance. They assert that Baby Doe is still a student at the school were she was molested and where the facts of the case are well known. They argue that:

> [w]ere Baby Doe to be identified, or were facts disclosed that might lead to her identification, this minor child could sustain emotional upset, psychological damage, teasing by fellow students, different treatment by her teacher(s), etc. She could become a social outcast among her peers.

Plaintiffs' Brief in Opp. at 3. According to their Brief, the judges involved with the

teacher's criminal proceedings all took measures to protect Baby Doe's identity, either by sealing the record or by limiting access to the physical and written materials used at trial. In addition, Plaintiffs point out that they are private figures; the unwilling victims of a crime and that the public has a lesser interest in them than if they had thrust themselves into the public view.

Given the effective arguments on both sides of this issue, we turn now to the balancing of the Plaintiffs' and the public's interests. Plaintiffs undoubtedly have a compelling interest in maintaining the seal. This Court agrees that Baby Doe was the victim of a heinous crime and should not be put at risk of suffering any additional harm. Potential embarrassment to her and her family is certainly an issue in this situation. *Pansy*, 23 F.3d at 787.

However, the case does involve public entities, and other parents have an interest in learning how their school districts address the issue of sexual molestation by teachers and whether the threat of abuse is taken seriously enough. This case is therefore different from *Doe*, where our Court granted a seal, in part because in *Doe*, no "public entities [we]re involved as parties, nor [we]re there any allegations touching on the conduct of public officials." 852 F.Supp. at 1257.

The reliance factor in this case is minimal, because this Court's careful reading of the pleadings indicates that no more information relating to Baby Doe has been revealed in the pleadings than in the newspaper articles published in conjunction with the criminal trial. *Leucadia*, 998 F.2d at 167 ("continued sealing must be based on '*current evidence* to show how public dissemination of the pertinent material *now* would cause the ... harm [they] claim[']'") (citation omitted, emphasis in original); *M.P.*, 853 F.Supp. at 167.

■ We have balanced the interests on both sides of this issue and find that Plaintiffs have not met their burden of showing, with specific facts, that their interest in privacy outweighs the public's presumptive right to access. *Pansy*, 23 F.3d at 786; *In re Search Warrant*, 855 F.2d at 574. Accordingly, we order the Clerk of Court to unseal the record in this action. Our review

of the record indicates that there is no need to redact any information in the record before the seal is removed.

For counsels' future reference, today's decision in no way prevents any party from, in the future, moving for a particular document or pleading to be placed under seal if the parties' interest in that particular document's or pleading's secrecy outweighs the public's interest. *See Doe*, 852 F.Supp. at 1258.

An appropriate Order follows.

### ORDER

AND NOW, this 2nd day of March, 1995, upon consideration of Philadelphia Newspapers, Inc.'s Motions to Intervene, to Unseal Immediately Certain Judicial Records and to Unseal Judicial Records, and responses thereto, the Motions to Intervene and to Unseal Judicial Records are hereby GRANTED. The Motion to Unseal Immediately Certain Judicial Records is hereby DENIED as MOOT. The Clerk of Court is hereby ORDERED to unseal the record in this action.