**Diane JAUFRE, on Behalf of Her Minor Child, Ryan Jaufre**

v.

**Clyde TAYLOR, Greg Champagne, in His Official Capacity as Sheriff of St. Charles Parish, and the St. Charles Parish School Board**

No. CIV.A.03–0028.

United States District Court, E.D. Louisiana.

Jan. 3, 2005.

Brett John Prendergast, Brett J. Prendergast, Attorney at Law, New Orleans, LA, for Plaintiff.

Don A. Almerico, Law Office of Don Almerico, St. Rose, LA, Brent Michael Maggio, Allen & Gooch, Metairie, LA, for Defendant.

John Herr Musser, IV, Law Office of Don Almerico, St. Rose, LA, for Plaintiff and Defendant.

#### ORDER AND REASONS

VANCE, District Judge.

Before the Court is the parties' joint motion to seal the record of the proceedings in this case and defendant St. Charles Parish School Board's memorandum in support of the motion to seal. For the following reasons, the Court DENIES the parties' motion to seal the record.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Diane Jaufre's son, Ryan Jaufre, attends the St. Charles Parish "Court School." The Court School is a joint venture between defendant St. Charles School Board, the St. Charles Parish Sheriff's Office, and the 29th Judicial District for the Parish of St. Charles. Students with disciplinary problems attend Court School.

In January 2002, Diane Jaufre visited the Court School to drop off medication for her son. Jaufre informed defendant Clyde Taylor that Ryan had been a "real handful" over the weekend. (*See* Pl.'s Compl., ¶ 5). Taylor then administered corporal punishment to Ryan Jaufre with a wooden paddle, as he had done before at Diane Jaufre's request and with her consent. (*See id.*, at ¶ 6). Jaufre alleged that on this occasion, the corporal punishment imposed by Taylor made Ryan Jaufre nauseous, caused extensive bruising to his thighs and buttocks, and injury to his thumb.

In January 2003, Diane Jaufre sued defendants in this Court under 42 U.S.C. § 1983. Jaufre alleged that Clyde Taylor violated the Fourth and Fourteenth Amendments to the United States Constitution when he administered the January 2002 corporal punishment to Ryan Jaufre. Jaufre also asserted Louisiana state-law intentional tort claims of battery and infliction of emotional distress against all three defendants.

On September 9, 2004, before this case proceeded to trial, the parties reached a settlement agreement. The parties now assert in their motion to seal that sealing the record of this case is "in the interest of justice." On October 27, 2004, the Court ordered the parties to submit memoranda in support of their motion to seal, setting forth the interests that favor non-disclo-

sure of the record in this case. The School Board complied with the Court's order. Jaufre joins the motion to seal but has not filed a memorandum in support. The Court now considers the merits of the motion to seal.

## II. LEGAL STANDARD

To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against interests favoring non-disclosure. *See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir.1993). "Courts have recognized that the public has a common law right to access judicial records and proceedings, although the right is not absolute." *Bahwell v. Stanley–Bostitch, Inc.*, No. Civ.A. 00–0541, 2002 WL 1298777, at * 1 (E.D.La. June 10, 2002). "Public access serves important interests, such as 'to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness.'" *Id.* (quoting *Van Waeyenberghe*, 990 F.2d at 849). "Accordingly, 'the district court's discretion to seal the record of judicial proceedings is to be exercised charily.'" *Id.* (quoting *Van Waeyenberghe*, 990 F.2d at 848). Although countervailing interests may outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir.1993). The decision as to access is left to the discretion of the trial court, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), but any doubt must be construed in favor of disclosure. *Marcus v. St. Tammany Parish Sch. Bd.*, No. Civ.A. 95–3140, 1997 WL 313418, at *5 (E.D.La. June 9, 1997)

(citing *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir.1994)). Finally, that no third party objects to the sealing of the records here is "inconsequential," because the presumption of openness does not depend on such an objection. *Stalnaker v. Novar Corp.*, 293 F.Supp.2d 1260, 1263 (M.D.Ala.2003); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir.1999) ("The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it) ... [She] may not rubber stamp a stipulation to seal the record.") (internal citations omitted).

## III. DISCUSSION

To counter the presumption in favor of the public's common law right of access to court records, the School Board asserts that the Court should seal the record to protect Ryan Jaufre, who is a minor child, as well as other minors mentioned in the Ryan Jaufre's deposition. According to the School Board, the record contains references to Ryan Jaufre's medical, psychiatric and psychological conditions, his family problems, his involvement in potential criminal mischief, and the disability that necessitated his placement in the disciplinary school. The School Board contends that the records should be sealed to protect Ryan Jaufre's interests and right of privacy, as well as those of other minors who are mentioned in the record.

Courts have recognized that the privacy of children may constitute a compelling interest that outweighs the presumption in favor of public access. *See Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir.2002) ("When there is a compelling interest in secrecy, as in the case of ... the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed ...

The interest in secrecy is weighed against the competing interests case by case."). Louisiana statutes similarly reflect a public policy favoring confidentiality of juvenile court proceedings involving children. LA. CH. CODE Arts. 407, 412. Juvenile courts in Louisiana have jurisdiction over proceedings involving children in need of care, including cases of child abuse, and records of those proceedings are also regarded as confidential. LA. CH. CODE Art. 307. "These measures all reflect a strong public policy favoring the special protection of minors and their privacy where sensitive and possibly stigmatizing matters are concerned." *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1375 (8th Cir.1990). Although these statutes do not govern this civil rights action in federal court, they do reflect a legislative judgment that the state has an interest in maintaining the confidentiality of court proceedings involving children. *See M.P. v. Schwartz*, 853 F.Supp. 164, 169 (D.Md.1994) (recognizing that section 1983 action was "inextricably bound up with allegations of child abuse" and that disclosing child's name in that action would contravene state statutes mandating confidentiality of court records pertaining to a child); *cf. Tower v. Leslie–Brown*, 167 F.Supp.2d 399, 405 (D.Me.2001) (holding that when underlying child protective proceedings relating to plaintiffs' section 1983 civil rights complaint were kept confidential by state statute, allowing parties to import confidential documents into federal court and thereby make them public would undermine the state's policy); *cf. Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir.1988) (holding that, when state law prohibited discovery of records of a medical review committee, the district court should have determined whether the records came within the statute's coverage and, if so, whether the right of access nevertheless outweighed the public policy expressed by state law).

Courts have also recognized, however, that the public's interest in access to court records "is particularly legitimate and important where, as in this case, at least one of the parties to the action is a public entity or official." *Marcus*, 1997 WL 313418, at *5 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 784 (3d Cir. 1994)); *Tower*, 167 F.Supp.2d at 404 (stating that the presumption of public access to judicial records is " 'no mere paper tiger' and accumulates even more weight when the government (or, as in this case, individuals acting under the color of governmental authority) is accused of wrongdoing") (citing *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)). For example, in *Doe v. Methacton Sch. Dist.*, the Court declined to seal the record of a case in which a minor child was allegedly sexually molested by a teacher at her public school and sued the school district and various school officials for damages resulting from the abuse. 878 F.Supp. 40, 41 (E.D.Pa.1995). Despite potential embarrassment to the plaintiff and her family, the court found that plaintiff's interest in privacy, already protected by the use of a pseudonym in court records, did not outweigh the public's presumptive right to access because the case involved public entities, and "other parents had an interest in learning how their school districts address the issue of sexual molestation by teachers and whether the threat of abuse is taken seriously enough." *Id.* at 42. This case similarly involves allegations of abuse by officials, but may present less potential embarrassment because it involves corporal punishment rather than sexual abuse.

█ When courts find that a privacy interest justifies restricting the public's access, they restrict access in a way that will

minimize the burden on the public's right, such as by sealing or redacting only those records that contain sensitive information. *Tower,* 167 F.Supp.2d at 405 (sealing only records that contained sensitive information about plaintiffs' children); *M.P.,* 853 F.Supp. at 168–69 (finding public's interest in access satisfied by release of complaint with plaintiffs' names redacted). "A blanket sealing order such as that requested by [the parties] would rarely, if ever, be appropriate." *T.K. and R.K. v. Waterbury Bd. of Educ.,* No. Civ. 303CV1747, 2003 WL 22909433, at *1 (D.Conn. Oct.19, 2003). *But see Webster Groves Sch. Dist.,* 898 F.2d at 1377 (finding no reasonable alternative to sealing record and that redaction of record would be virtually impossible because it was replete with documentation of child's learning disabilities and other personal information).

■ With these principles in mind, the Court turns to balancing the competing interests at issue here. This case involves the privacy interest of a minor child and the potentially stigmatizing effects of disclosing his psychological conditions and antisocial behavior. But it also involves allegations of abuse by a public official, and the public and other parents have an interest in learning how school officials address that issue. Thus, the public's interest in access to the record of this case is particularly important. The Court also notes that Jaufre, the party who has a particular interest in protecting Ryan Jaufre's privacy, did not submit a memorandum in support of the motion to seal and thus did not specify how disclosure would be injurious. Furthermore, the parties elected to file exhibits and attachments with the Court without first seeking a protective order, which allowed the public to have access to them. Such previous public access weighs in favor of continued public access. *See EEOC v. Nat'l Chil-*

*dren's Ctr., Inc.,* 98 F.3d 1406, 1410 (D.C.Cir.1996). Finally, the record, with the exception of the documents discussed below, contains only general information about and references to Ryan Jaufre's psychological conditions and behavior, which is unlikely to be particularly stigmatizing or embarrassing. As for the other minor children whose privacy interests the School Board asserts, the Court has reviewed the record and found that other children are mentioned by name only in Ryan Jaufre's deposition, which is contained in the record as an exhibit to defendants' motion to dismiss, in the plaintiff's witness list, and in the pretrial order. The witness list contains nothing beyond the names of the children. The pretrial order names some other children and indicates that they have information concerning other incidents of corporal punishment at the Court School. Because the public has a presumptive right of access to judicial records that is particularly strong when a case involves allegations of official wrongdoing, the Court finds that the parties have not met their burden to demonstrate that the privacy interest they assert outweighs the right of access such that the entire record of this case must be sealed.

The parties have, however, demonstrated that the privacy interest in certain portions of the record outweighs the public's right of access. Ryan Jaufre's deposition contains more detailed descriptions of his behavioral problems than the brief references contained in other portions of the record, as well as pictures of his injuries that could be humiliating or stigmatizing. The deposition also names other children, not parties to this lawsuit, who attend the Court School and provides information about them beyond the mere fact that they attend the School. The pretrial order similarly identifies other children and indicates that they have knowledge about other incidents of abuse. With respect to

Ryan Jaufre's deposition and the pretrial order, the interest in protecting Ryan Jaufre's privacy and that of the other children outweighs the public's interest in learning about the actions of public officials. That interest can be satisfied without access to Ryan Jaufre's deposition or the pretrial order.

The Court also finds that the interest in privacy outweighs the public's right of access with respect to defendants' joint opposition to plaintiff's motion in limine. That document contains references to and exhibits that describe in detail Ryan Jaufre's medical and emotional conditions and problematic behavior. The privacy interest in this potentially stigmatizing information outweighs the public's right to information about public officials, which, again, can be satisfied without access to this document.

Accordingly, the Court orders that the pretrial order, R. Doc. 46, be sealed. The Court also orders that Ryan Jaufre's deposition, Ex. B to R. Doc. 50, Def.'s Mot. to Dismiss, and all exhibits attached to that deposition, be sealed. Finally, the Court orders that R. Doc. 52, Def.s' Joint Mot. in Opp. to Pl.'s Mot. in Limine, and all exhibits attached to that motion, be sealed.

## IV. CONCLUSION

For the foregoing reasons, the parties' motion to seal the record of this case is DENIED, except that the Court ORDERS that R. Doc. 46, Ex. B to R. Doc. 50 and all exhibits attached to Ex. B, and R. Doc. 52 and all exhibits attached to R. Doc. 52, be sealed.