United States Court of Appeals,

Fifth Circuit.

No. 92-1080.

SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellant,

v.

Gary VAN WAEYENBERGHE and Carl Leibowitz, Defendants,

and

Howard K. Schwartz, Defendant-Appellee.

May 17, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before GOLDBERG, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

The Securities and Exchange Commission ("SEC") appeals two district court orders sealing a transcript of proceedings and a final order of permanent injunction against Howard K. Schwartz. Because the district court abused its discretion in sealing the final order and transcript, we reverse and remand.

**I**

The SEC filed an injunctive action against Howard K. Schwartz, claiming that he had violated the federal securities laws. The parties gave an oral report of their settlement conference to the district court, informing the court that they could not settle because Schwartz demanded that any settlement agreement be sealed—a requirement to which the SEC could not agree. After stating that "[t]here is no reason in the world for the court to be devoting time to something where the only hangup is a matter of principle," the court ordered the parties to resume settlement negotiations.

A short while later, the parties reconvened with the district court and stated that they had agreed on a consent decree and a final order of permanent injunction against Howard K. Schwartz. However, the parties still could not agree on whether the settlement agreement should be sealed. The district court again ordered the parties to resume settlement negotiations.

After a brief recess, the parties met again with the district court, and reported for the third time that they still disagreed on whether the settlement agreement should be sealed. The district court ordered sua sponte that the case be sealed in its entirety, including any subsequently filed orders and motions. The district court then instructed the parties to resume settlement negotiations.

Soon thereafter, the parties met with the district court and informed the court that they had agreed to a settlement, including a Final Order of Permanent Injunction and Other Equitable Relief Against Howard K. Schwartz and a Consent and Undertakings of Howard K. Schwartz[1]. The SEC stated, however, that it was taking issue with the court's order that the entire case be sealed. Before addressing the SEC's objection to the order sealing the entire case, the district court signed the final order of permanent injunction, and attached to it the consent decree. The district court then stated that it would consider a motion from the SEC that all documents be unsealed except for the final order of permanent injunction; in the absence of such a motion it would leave the entire file sealed. The SEC moved that all documents be unsealed except for the final order of permanent injunction against Schwartz. The district court granted the motion.

On November 30, 1991, the district court entered a written order ("November order"), instructing the clerk to unseal all records in the case except the final order of permanent injunction. On February 7, 1992, the district court entered a second order ("February order"), sealing the Transcript of Proceedings ("transcript").[2] The SEC appeals, claiming that the district court abused its discretion in sealing the transcript and final order of permanent injunction.[3]

---

[1]Without admitting or denying the allegations of the complaint, Schwartz consented to be enjoined from further violations of the federal securities laws.

[2]The Transcript of Proceedings is a written transcript of the parties' oral report on their settlement conference and pretrial hearings. Although the transcript was not sealed by the November order, it was transmitted to this Court with an indication that it was sealed. After reviewing the transcript and determining that it "should be sealed in order to prevent the inadvertent disclosure of the matters that were sealed pursuant to the order signed by the court November 30, 1991," the district court entered an order sealing the transcript.

[3]Our jurisdiction over the SEC's appeal from the February order requires some explanation. The SEC filed its notice of appeal from the November order, and the transcript was sealed thereafter. The SEC did not amend its original notice of appeal or file another notice, appealing the February order. Nonetheless, the SEC in its brief on appeal, and at oral argument, stated that it is appealing the February order.

## II

## A

Courts have recognized that the public has a common law right to inspect and copy judicial records. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978); *Belo Broadcasting Corp. v. Clark,* 654 F.2d 423, 429 (5th Cir.1981). However, the public's common law right is not absolute. *Nixon,* 435 U.S. at 598, 98 S.Ct. at 1312; *see Belo,* 654 F.2d at 430. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon,* 435 U.S. at 598, 98 S.Ct. at 1312. Thus, the common law merely establishes a presumption of public access to judicial records.[4] *Littlejohn v. BIC Corp.,* 851 F.2d 673, 678 (3d Cir.1988). Although the common law right of access to judicial records is not absolute, "the district court's

---

Under Fed.R.App.P. 3(c), a notice of appeal "shall designate the judgment, order, or part thereof appealed from." However, notices of appeal are liberally construed where "the intent to appeal an *unmentioned* or mislabeled ruling is apparent and there is no prejudice to the adverse party." *C.A. May Marine Supply Co. v. Brunswick Corp.,* 649 F.2d 1049, 1056 (5th Cir.), *cert. denied,* 454 U.S. 1125, 102 S.Ct. 974, 71 L.Ed.2d 112 (1981); *see also Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 316, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988) (federal rules of procedure, including Appellate Rule 3(c), should be liberally construed). Accordingly, we have held that "[f]ailure to properly designate the order appealed from is not a jurisdictional defect, and may be cured by an indication of intent in the briefs or otherwise." *United States v. Rochester,* 898 F.2d 971, 976 n. 1 (5th Cir.1990); *see also Turnbull v. United States,* 929 F.2d 173, 177 (5th Cir.1991) (quoting *Rochester* ). In addition, where "claims or issues are inextricably entwined, each may be reviewed even though not referred to in the notice of appeal." *C.A. May Marine Supply Co.,* 649 F.2d at 1056.

We have jurisdiction over the SEC's appeal from the February order because (1) the SEC stated in its brief, and at oral argument, that it is appealing the February order; (2) the issue of whether the transcript should be sealed is inextricably entwined with the issue of whether the final order should be sealed because the transcript was sealed only to protect the contents of the sealed final order; and (3) Schwartz is not prejudiced by our exercise of jurisdiction, because he was informed that the SEC is appealing the February order, and because the issues pertaining to the sealing of the transcript are identical to those pertaining to the sealing of the final order.

[4]While other circuits have held that there is a strong presumption in favor of the public's common law right of access to judicial records, *see, e.g., EEOC v. Erection Co.,* 900 F.2d 168, 170 (9th Cir.1990); *Bank of America Nat'l Trust v. Hotel Rittenhouse,* 800 F.2d 339, 344 (3d Cir.1986), we have refused to assign a particular weight to the right. *See Belo,* 654 F.2d at 434 ("[T]he presumption—however gauged—in favor of public access to judicial records—[is] *one* of the interests to be weighed.").

discretion to seal the record of judicial proceedings is to be exercised charily." *Federal Savings & Loan Ins. Corp. v. Blain,* 808 F.2d 395, 399 (5th Cir.1987).

In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon,* 435 U.S. at 599-602, 98 S.Ct. at 1312-14 (court must consider "relevant facts and circumstances of the particular case"); *Belo,* 654 F.2d at 434; *see also Bank of America Nat'l Trust v. Hotel Rittenhouse,* 800 F.2d 339, 344 (3d Cir.1986) (court had duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick,* 696 F.2d 796, 803 (11th Cir.1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests." (citing *Belo* )). Because "[t]he decision as to access is one left to the sound discretion of the trial court," *Nixon,* 435 U.S. at 599, 98 S.Ct. at 1312, we review the district court's decision to seal the settlement agreement for abuse of discretion. *See id.* at 598-600, 98 S.Ct. at 1312-13; *Belo,* 654 F.2d at 430-31; *Newman,* 696 F.2d at 803 (citing *Belo* ).

## B

The SEC argues that the district court abused its discretion by failing to weigh the competing interests prior to sealing the final order.[5] We agree.

Once a settlement is filed in district court, it becomes a judicial record. *Bank of America Nat'l Trust,* 800 F.2d at 345. The presumption in favor of the public's common law right of access to court records therefore applies to settlement agreements that are filed and submitted to the district court for approval. *Id.; see also Brown v. Advantage Engineering, Inc.,* 960 F.2d 1013, 1015-16 (11th Cir.1992) (applying presumption to record where parties had settled case); *Republic of Philippines v. Westinghouse Elec. Corp.,* 949 F.2d 653, 660 (3d Cir.1991) (presumption applies to settlement agreements) (citing *Bank of America Nat'l Trust); EEOC v. Erection Co.,* 900 F.2d 168,

---

[5]Schwartz claims that the district court properly sealed the record because it believed that the SEC was acting in bad faith. We are unconvinced by this argument because the district court indicated that it thought the SEC was acting in bad faith merely because the SEC did not agree with Schwartz that the settlement agreement should be sealed. Because the public has a right of access to judicial records, the SEC was not acting in bad faith by insisting that the settlement agreement should not be sealed.

169-70 (9th Cir.1990) (applying presumption to a consent decree that had been filed as part of a settlement agreement). The final order of permanent injunction against Schwartz was filed and submitted to the district court for approval, and therefore the presumption in favor of the public's common law right of access to judicial records is applicable to the settlement documents, including the final order and transcript.

We find no evidence in the record that the district court balanced the competing interests prior to sealing the final order. First, the district court made no mention of the presumption in favor of the public's access to judicial records. Second, the district court did not articulate any reasons that would support sealing the final order. The district court merely commented that the public, in some circumstances, had a right to know that Schwartz had been enjoined, and that the public's interest in that information could be protected either by allowing the public access to the final order of permanent injunction or by requiring that Schwartz disclose, in certain circumstances, that he had been enjoined.[6] Because Schwartz would be required by law, under certain circumstances, to disclose that he had been enjoined, *see* 17 C.F.R. 229.401(f)(3) (1992), and because Schwartz indicated that he would—as part of the settlement agreement—agree to disclose, under certain circumstances, that he had been enjoined,[7] the district court found that disclosure by Schwartz would be sufficient to protect the public's right to know that Schwartz had been enjoined.[8] Therefore, the district court

---

[6]The district court stated: "The issue we are talking about is whether the public is better served by [Schwartz] being forced to make a disclosure by an order of this court, as opposed to there being a lawsuit pending in Fort Worth, Texas with him operating in Michigan." Transcript at 22.

[7]*See* Transcript at 14-15, 19. Although Schwartz agreed to disclose that he had been enjoined, there is no provision in the final order or consent decree requiring Schwartz to disclose that he been enjoined.

[8]The district court stated:

> Who in the world dealing with [Schwartz] would know that there's a suit pending, had been a suit pending in Fort Worth, Texas? ... The public is going to be best served if [Schwartz] is required himself to make a disclosure every time he does or has the potential to engage in transactions that could affect the financial wellbeing of people. They are going to be better protected by that than the existence of a lawsuit in Fort Worth, Texas.

Transcript at 21.

sealed the final order.

Although the public may have a right to the *information* that Schwartz was enjoined, that right cannot be equated with the public's right of access to *judicial records.* The public's right to information does not protect the same interests that the right of access is designed to protect. "Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Littlejohn,* 851 F.2d at 682; *see also Wilson v. American Motors Corp.,* 759 F.2d 1568, 1571 (11th Cir.1985) ("The real focus of our inquiry is on the rights of the public in maintaining open records and the "check[ ] on the integrity of the system.' " (quoting *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1178-79 (6th Cir.), *cert. denied,* 465 U.S. 1100, 104 S.Ct. 1595, 80 L.Ed.2d 127 (1984)).

Furthermore, requiring Schwartz to disclose the injunction is no substitute for allowing access to the transcript and final order of permanent injunction, because the latter allows the public to verify disclosures that Schwartz is required to make under the securities laws. Schwartz may not make the disclosure in all instances where he is required to do so;[9] and even if Schwartz does disclose the information, the public will not be able to verify the accuracy of the disclosure, unless the public is granted access to the transcript and final order. In addition, a member of the public may want to know that Schwartz has been enjoined where he is not required by the federal securities laws to disclose that fact: the disclosure requirements of the federal securities laws are not coextensive with the public's right of access to judicial records. Because the district court failed to balance the public's right of access to judicial records against the interests favoring nondisclosure, the district court abused its discretion in sealing the transcript and final order.

### III

Because the district court abused its discretion in sealing the final order and transcript, we REVERSE the order of November 30, 1991, sealing the final order, and REVERSE the order of

---

[9]In fact, the SEC had brought suit against Schwartz for failing to disclose an injunction against general partners, in violation of the federal securities laws.

February 7, 1992, sealing the transcript, and REMAND for further proceedings.[10]

---

[10]It is questionable whether there is a settlement agreement. Schwartz indicated at oral argument, and in his brief on appeal, that his agreement to settle was contingent on the agreement being sealed. At oral argument, the SEC, however, argued that the settlement agreement was not contingent on being sealed. On remand, the district court should determine whether the parties have, indeed, settled the case.