IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10726
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

     and

DALLAS MORNING NEWS, INC.,

                                        Intervenor-Appellant,

versus

JOSEPH EDWARD CHAVIS, JR.,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CR-015-P
- - - - - - - - - -
March 20, 1997
Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Joseph Edward Chavis, Jr. was convicted for robbing a
federally insured bank.  The district court originally sealed
Chavis's combined motion for downward departure based upon
"aberrant behavior" and sentencing memorandum with exhibits.  The
district court subsequently entered its order unsealing a

_____

     [*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

redacted version of Chavis's motion.  The Dallas Morning News, Inc. (the News) appeals this action.

"In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interest favoring nondisclosure." Securities & Exchange Commission v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993).  The district court considered the factors weighing in favor of nondisclosure and noted that the case presented no peculiar circumstances which would compel disclosure.  The district court's order is not general in nature, but is very specific to particular information, in one particular document, in this defendant's sentencing proceeding.  The News has not shown that the district court abused its discretion in redacting certain portions of Chavis's sentencing memorandum.

The News invites this court to dispense with the abuse of discretion standard for releasing judicial documents enunciated in Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-99 (1978).  To accept such an invitation would require that Nixon be overruled, which is beyond the power of this court.

AFFIRMED.