IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-20657

_____

EDUARDO MACIAS,

Plaintiff-Appellant,

v.

AARON RENTS, INC; WAYNE HOPPER; DAVE BUCK,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
No. 4:03-CV-5860

_____

Before SMITH, WIENER, and HAYNES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Eduardo Macias successfully sued Aaron Rents, Inc. ("Aaron Rents"), his
former employer, then attempted to find new employment. Fearing that the rec-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ord of his lawsuit was dissuading would-be employers, Macias moved to seal the records or, alternately, to change to "X" all references in the record to his name. The district court denied the motion, noting that it was "of the opinion that the public's common law right of access to judicial records outweighs the plaintiff's privilege." Finding no abuse of discretion, we AFFIRM.

I.

Macias was employed by Aaron Rents as a district manager but was fired. Claiming that he was discriminated against on account of his race and national origin, he sued. The jury found for him, and in April 2005 the district court entered a judgment in his favor.

In July 2007, Macias returned to court, filing an unopposed motion to seal records or to replace his name with an "X" and swearing to the following:

> Chris Beltran was my district manager at Citifinancial. He subsequently was hired by Wells Fargo in February of 2006 to be a manager. I called him in August of 2006 just to stay in touch. He told me that I should consider working for Wells Fargo. Accordingly, we met at his office in Austin on October 7, 2006. During the meeting, he, on behalf of Wells Fargo, offered to hire me. I accepted his offer. In January of 2007, Wells Fargo conducted a background check on me. Since then, Chris Beltran has not returned my calls, Wells Fargo has refused to hire me, and I have not been given any explanation for why the attitude towards me changed after the background check was conducted. I have never been convicted of any crimes. The only thing in my background that might cause someone to be alarmed is that I filed a lawsuit against Aaron Rents, Inc. I should not be penalized for having filed a lawsuit against Aaron Rents, Inc.

The district court denied the motion. Observing that Macias was "aware that prospective employers violate federal law when they use [c]ourt records for improper purposes," the court ruled "that the public's common law right of access to judicial records outweighs the plaintiff's privilege." It also stated that "[f]rom time-to-time a sensitive document merits exclusion. However, an entire file can-

not be sealed or altered to protect based on a presumption."

## II.

Before proceeding to the merits, we must assure ourselves of jurisdiction. E.g., Christoff v. Bergeron Indus., Inc., 748 F.2d 297, 298 (5th Cir. 1984) ("[I]t is our duty to raise sua sponte the question of federal subject matter jurisdiction . . . ."). There are two elements to this jurisdictional question: First, given that the district court entered judgment over two years before Macias's most recent motion, does the federal judiciary still have jurisdiction over the matter? Second, assuming federal jurisdiction generally, do we have appellate jurisdiction to review the court's denial, or was it a non-appealable order?

As to the first element, "[e]very court has supervisory power over its own records and files . . . ." Nixon v. Warner Commc's, Inc., 435 U.S. 589, 598 (1978). Consequently, although "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment," FED. R. CIV. P. 59(e), a motion relating to access to the court's files can be considered long after the merits of the underlying litigation have been resolved. For instance, a court's supervisory powers over attorneys is sufficiently extensive that "even years after the entry of a judgment on the merits," there remains jurisdiction to "consider an award of counsel fees." Ratliff v. Stewart, 508 F.3d 225, 230 (5th Cir. 2007) (internal citations and quotations omitted). The same principle applies here.

As to the second element, we have jurisdiction pursuant to 28 U.S.C. § 1291, because Macias appeals from an order that disposes of the only remaining issue in the case, thus making the order a final decision.[1]

---

[1] 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . .").

### III.

Macias concedes that our standard of review is only for abuse of discretion. See, e.g., Sec. & Exch. Comm'n v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993). The abuse of discretion standard in the context of whether to seal records is of a particular character, because "the public has a common law right to inspect and copy judicial records." Id. Thus, though the "common law right is not absolute," and courts may deny access "where court files might have become a vehicle for improper purposes," "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." Id. (internal citations and quotations omitted). We consequently are loath to second guess a denial of a motion to seal, because "the decision as to access is one best left to the sound discretion of the trial court." Warner Commc's, 435 U.S. at 599.

Macias's motion was properly denied, because the concerns he mentionsSS the lack of importance to the public and the potential for employer retaliation against litigious employeesSScould apply to nearly all cases filed in the federal courts, especially those involving title VII. If we were to decide that the court's determination here was an abuse of discretion, then the same argument could successfully be made by countless plaintiffs. Such a result, however, would be contrary to our statement that "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." Van Waeyenberghe, 990 F.2d at 848 (internal citations and quotations omitted) (emphasis added).[2] In light of Van Waeyenberghe, whether the court would have abused its discretion if it had granted Macias's motion is a difficult question, but it is straightforward that the court was within its discretion to deny it.

Perhaps realizing that requesting all records be sealed is a tall order, Ma-

---

[2] "Chary" is defined, inter alia, as "marked by discreet caution," "hesitant," or "sparing and reluctant in granting, accepting, or expending." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 379 (1986).

cias moved in the aternative to replace each reference to "Macias" with an "X." That more circumscribed motion also was denied, and again we find no abuse of discretion. Allowing the public to access judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." Id. at 849 (internal citations and quotations omitted). Though the public's knowledge of and confidence in the judicial system would not be shattered if no one were to know that Macias was the plaintiff in the little known case of X v. Aaron Rents, Macias's argument cuts far too broadly. For the reasons listed above, nearly every plaintiff in the federal courts is similarly situated and thus could make the same arguments.

AFFIRMED.