KITCHENS, Justice,
concurring in part:
¶ 35. As I understand the case, the challenged rulings on appeal are the chancellor’s: (1) denying Ford’s request to prevent public disclosure of the settlement amount (as opposed to the entire agreement or the agreement’s terms); (2) denying Ford’s request to close any of the fee-dispute proceedings which may reveal the settlement amount; and (3) unsealing the chancellor’s order distributing an undisputed portion of the settlement funds. I respectfully suggest that the majority opinion defines the issues too broadly. Rather than limiting its opinion to the specific issue before this Court — whether the amount of the settlement should re *930 main confidential — the majority purports to announce a new public policy for Mississippi which appears to favor some private litigants’ interest in confidential settlement agreements over the public’s right to access judicial records fully and freely. Because I am not persuaded that deciding such a broad issue of public importance is necessary for resolution of the issues before us, I respectfully concur in part.
¶ 36. Although the only term of the settlement at issue is the amount, the majority opinion often refers to the confidential nature of the “settlement agreement” or the “terms of the settlement.” For example, the concluding paragraph holds, “[bjecause this settlement agreement is between private parties, does not involve matters of public concern, and is not necessary to resolve the fee-dispute claim, its confidentiality should be preserved.” Yet, determining whether the settlement amount should be subject to public disclosure is quite different from determining whether the entire settlement agreement should remain confidential. Because the authority cited by the majority examined much broader questions, such as sealing the agreement and related court records, those opinions have little application to this case where the parties wish to keep only the amount from public disclosure. See e.g., SEC v. Van Waeyenberghe, 990 F.2d 845, 849-50 (5th Cir.1993) (appealing a district court order sealing a portion of the record in settled litigation between the Securities and Exchange Commission and an individual.).
¶ 37. Likewise, the cited Mississippi authority provides little guidance. For example, Chantey Music Publishing, Inc. v. Malaco, Inc., 915 So.2d 1052, 1055 (Miss.2005), involved an appeal of an order enforcing a settlement agreement, but there is no indication that any part of the compromise was confidential. As for our decision in Williamson v. Edmonds, 880 So.2d 310 (Miss.2004), I respectfully do not agree that the opinion “recognized an interest in shielding confidential settlement agreements from public scrutiny.” That question was not before the Court, and the confidential nature of the agreement was the basis of but one of the appellant’s many arguments. Similarly, Mississippi Rule of Appellate Procedure 48(A) restricts public access to cases on appeal if those cases were sealed at the trial level, but it does not require any independent finding by the appellate court.[1] As for the Public Records Act, it was not a crucial part of the chancellor’s decision, and he correctly noted that the Act does not conflict with the court’s authority to declare a public record confidential or privileged. See Miss.Code Ann. § 25-61-11 (Rev.2010) (exempting judicial determinations regarding privilege, confidentiality, or limitations on public access).
¶ 38. As this Court recognized long before the Legislature’s passage of the Act, “[t]he records of the chancery clerks and circuit clerks are public documents.... ” Pollard v. State, 205 So.2d 286, 288 (Miss.1967). On this authority, the chancellor correctly found that an agreement by the parties, on its own, does not require the sealing of court documents. Given the dearth of authority from this Court on the issue, the chancellor erred on the side of public disclosure.
*931 ¶ 39. Nevertheless, I agree with the majority to the extent it holds that the court should honor the parties’ agreement to keep the settlement amount private. Although no Mississippi law directly addresses public disclosure of the amount of a settlement, I note one scholar’s comments on the issue:
It is difficult to imagine why the general public would have anything more than idle curiosity in the dollar value of a settlement of a court dispute or its terms of payment. These subjects have no relationship to a potential public hazard or matters of public health, and unless official conduct is at issue, matters of proper governance are not involved. Thus, there is simply no legitimate public interest to be served by disclosing this information.
The parties, however, often have a compelling interest in keeping the settlement amount confidential to avoid encouraging nuisance claims and harassment of the recovering party by unscrupulous free riders. For example, when a plaintiff — particularly a minor or other noncompetent person — receives a substantial monetary settlement, confidentiality protects that individual from being preyed upon by hucksters and long-lost relatives or friends. Also, information that a plaintiff had settled with one defendant for a very small sum might compromise the plaintiffs ability to pursue its claims against nonsettling defendants. From the defendant’s perspective, confidentiality ensures that the settlement amount will not be used to encourage the commencement of other lawsuits that never would have been brought or as unfair leverage to extract a similar payment in subsequent suits that may be meritless.
Arthur R. Miller, Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv. L.Rev. 427, 485-87 (1991) (citations omitted).
¶ 40. When the only term at issue is the settlement amount, it is unnecessary to declare a broad statement that Mississippi’s public policy favors confidentiality of settlement agreements over the public’s right of access to court records. In this case, the wrongful death litigation does involve matters of public concern, i.e., the safety of Ford’s vehicles. But any information regarding the plaintiffs’ allegations on this issue may be accessed from the circuit court records of the three jury trials. Whether private citizens have a right to utilize the courts to resolve settlement disputes while limiting public access to the proceedings is an issue that should be addressed when or if it ever reaches this Court. “Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the. court’s decision sealed from public view.” In re High Sulfur Content Gasoline Prods. Liab. Litig., 517 F.3d 220, 230 (5th Cir.2008) (quoting United States v. Cianfrani, 573 F.2d 835, 851 (3d Cir.1978)). Because I fear that the majority opinion may lead to unintended results, potentially diminishing judicial transparency, I respectfully concur in part.
RANDOLPH AND LAMAR, JJ., JOIN THIS OPINION. DICKINSON, P.J., JOINS THIS OPINION IN PART.

. Any case filed with the clerk of the Supreme Court and Court of Appeals which previously was closed to the public by action of the trial court or which by statute is subject to restriction on access to the public in the trial court, shall be closed to public access in the appellate courts and shall be treated as a confidential case by the clerk of the appellate courts.
M.R.A.P 48(A).