# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2014

Lyle W. Cayce
Clerk

No. 13-50874
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALFREDO PADRON-STEELE, also known as Pete,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:00-CR-2084-7

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Alfredo Padron-Steele, federal prisoner # 12213-180, is serving a total prison term of 262 months for his convictions in 2002 of one count of conspiracy to possess with intent to distribute and four counts of possession with intent to distribute marijuana. Padron-Steele moved in the district court to unseal the wiretap application, affidavit, and order connected with the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50874

interception of a cell phone of an unindicted individual, the conversations from which were introduced as evidence at his trial.

The district court denied the motion, and when Padron-Steele moved for leave to appeal in forma pauperis (IFP), the district court certified that his appeal was not taken in good faith. By moving in this court for leave to proceed IFP, as he now does, Padron-Steele challenges the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Padron-Steele's motion to amend his IFP motion is GRANTED.

Padron-Steele argues that the district court abused its discretion in denying his motion to unseal these documents as it violated his right of access to judicial documents. There is a common law right of presumptive access to judicial records, but that right is not absolute. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). Moreover, Congress has expressly mandated that wiretap applications and orders be sealed and that they "shall be disclosed only upon a showing of good cause." 18 U.S.C. § 2518(8)(b). The district court weighed the competing interests involved, including the privacy of the unindicted individual whose phone had been intercepted and the fact that Padron-Steele had exhausted the direct and collateral review of his convictions some seven years earlier, and it found no good cause to unseal the documents. We perceive no abuse of discretion. *See Van Waeyenberghe*, 990 F.2d at 848.

Because Padron-Steele has not shown that his appeal involves any arguably meritorious issue, his IFP motion is DENIED. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.