# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30867

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2019

Lyle W. Cayce
Clerk

VANTAGE HEALTH PLAN, INCORPORATED,

> Plaintiff - Appellee

v.

WILLIS-KNIGHTON MEDICAL CENTER, doing business as
Willis-Knighton Health System

> Defendant

v.

HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INCORPORATED,

> Appellant

_____

Appeal from the United States District Court
for the Western District of Louisiana

_____

Before JONES, BARKSDALE, and WILLETT, Circuit Judges.

EDITH H. JONES, Circuit Judge:

In the midst of a complex antitrust case, the district court ordered that certain confidential business documents belonging to a non-litigant party should be unsealed (but redacted) if and when they are filed on the public docket. The non-litigant appealed. This court has jurisdiction under the collateral order doctrine. We conclude that the district court did not abuse its discretion in issuing the order because it applied the proper legal standards and provided sufficiently

No. 17-30867

specific reasons to enable meaningful appellate review.  Accordingly, the district court's order is **AFFIRMED**.

## BACKGROUND

The appellant, Humana Health Benefit Plan of Louisiana, Inc. ("Humana"), is not a party to the larger antitrust action underlying this interlocutory appeal. In that action, plaintiffs University Health Shreveport, a medical provider, and Vantage Health Plan, Inc. ("Vantage"), a health insurer, sued Willis-Knighton Medical Center, a medical provider in the Shreveport area.  Plaintiffs' amended complaint did not mention Humana, but alleged that Willis-Knighton engaged in anticompetitive practices, creating a health-care monopoly by acquiring many physicians' practices to force insurers to include Willis-Knighton as an "in-network" provider.  Plaintiffs also alleged that Willis-Knighton refused to deal with Vantage.

During discovery plaintiffs learned of documents relevant to an alleged agreement between Willis-Knighton and Humana.  Vantage served two Rule 45 subpoenas on Humana to obtain the documents.  After Humana refused to comply, the court granted Vantage's motion to compel and ordered Humana to produce documents related to the alleged agreement.  Fifty documents—a mix of emails and draft contracts—are the subject of this appeal.

The court issued a protective order designed to cover all parties' documents that were regarded as sensitive and confidential.  Under the initial protective order, any party could designate a document as confidential or for attorneys' eyes only "provided that such designation [wa]s made in good faith and provided further that any [p]arty may . . . challenge any such designation."  If one party challenged another's designation of confidentiality, the producing party was required to furnish reasons for the designation within twenty days.  If the parties could not agree, the objecting party could request that the court withdraw the confidential designation.

2

No. 17-30867

The court amended its protective order in an order dated June 29, 2017, because the parties were filing too many documents under seal and creating "issues" for the court and clerk's office. Sealing documents "bec[ame] a matter of routine, rather than a genuine belief that the documents contain[ed] confidential or sensitive information." The court observed that the parties' confidentiality designations contained "only boilerplate recitations" and failed to specify why the documents should be sealed. Recognizing "that there is a presumption that all records should remain unsealed and open for [public] review," the amended protective order changed the procedure for designating a document confidential. A party that wished to file a confidential document was to ask the designating party for "permission to file the discovery as unsealed in the public record." Such permission was not to be "unreasonably denied." If the designating party denied permission, the filing party was required to obtain "leave of court . . . before any document [was] filed under seal."

As part of the amended order, the court prospectively denied all motions to seal, but ruled the documents would remain confidential pending the court's process for resolving the issue. If a party wished to file a document in the record, it was required to "either file (a) a motion to seal with the Court, explaining with specificity why each exhibit or piece of information needs to be kept under seal, or (b) a rule to show cause, demanding the opposing party or third party explain to the court why it will not allow its documents to be filed in the open record." At two subsequent hearings in which multiple parties participated, the court proceeded document-by-document and line-by-line to determine which sections of the claimed confidential documents should be redacted or sealed entirely.

Humana offered no specific reasons for confidentiality and was wholly unprepared to engage in the court's painstaking process. Unsurprisingly, the court ruled that none of Humana's fifty documents would be sealed in their entirety but instead should be redacted to protect "information that revealed reimbursement rates and percentages, fee schedules, overall percentage increases

3

No. 17-30867

from year to year, and amounts and percentages of bonuses." Humana appealed, contending that the district court abused its discretion by ordering Humana's documents to be redacted but not sealed.

## APPELLATE JURISDICTION

This court requested supplemental briefing concerning our appellate jurisdiction to review an interlocutory sealing or unsealing order concerning a non-party. Reasoning that the court's order is effectively unreviewable on appeal, Humana premises jurisdiction on the collateral order doctrine. Vantage also prefers to resolve the merits of this appeal and suggests that if the court lacks interlocutory jurisdiction, we may treat Humana's appeal as a petition for mandamus, which must be denied in the absence of a clear abuse of district court discretion.

We conclude, as have other circuits, that sealing and unsealing orders like those involved here are reviewable on interlocutory appeal as exceptions to the final judgment rule under the collateral order doctrine. These orders are effectively unreviewable on appeal from a final judgment principally because a decision to unseal a document cannot be undone; once confidential information is released, there is no going back. Equally pertinent to this case, non-litigant parties lack appellate remedies available to the contenders in litigation.

Appellate jurisdiction is generally confined to "final decisions of the district courts of the United States." 28 U.S.C. § 1291. A final decision is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 114 S. Ct. 1992, 1995 (1994) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 633 (1945)). Restricting appeals to final judgments serves important interests. First, "[p]ermitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration.'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106, 130 S. Ct. 599, 605 (2009) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S. Ct. 669 (1981)). Second, the rule recognizes

"the deference owed by appellate courts to trial judges charged with managing the discovery process." *Cunningham v. Hamilton Cty.*, 527 U.S. 198, 209, 119 S. Ct. 1915, 1922 (1999). Third, Congress has expressed a preference for rulemaking, and "not expansion by court decision," as the appropriate method of determining which orders are immediately appealable. *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 48, 115 S. Ct. 1203, 1211 (1995); *see also Cunningham*, 527 U.S. at 210, 119 S. Ct. at 1923.

It is true that a "narrow class of decisions" is immediately appealable as collateral orders even if no final judgment has been rendered. *Dig. Equipment Corp.*, 511 U.S. at 867, 114 S. Ct. at 1995. But the Supreme Court cautions that the collateral order doctrine must "never be allowed to swallow the general rule." *Id.* at 868, 114 S. Ct. at 1996 (citation omitted). To qualify as a collateral order, an "order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 171 (5th Cir. 2009) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S. Ct. 2454 (1978)).

The first and second prongs of the collateral order doctrine are met here. The district court order weighed Humana's and the public's interests and conclusively determined that if a party enters Humana's documents into the public record they will be unsealed, albeit redacted. Exposing potentially confidential information is an important issue wholly separate from the merits of the underlying litigation.

As to the third prong, the "decisive consideration" of the "effectively unreviewable" analysis concerns "whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'" *Mohawk*, 558 U.S. at 107, 130 S. Ct. at 605 (quoting *Will v. Hallock*, 546 U.S. 345, 352–53, 125 S. Ct. 952, 959 (2006)). This decision must be made "on a categorical basis, looking only at whether 'the class of claims, taken

as a whole, can be vindicated by other means' than immediate appeal." *Martin v. Halliburton*, 618 F.3d 476, 483 (5th Cir. 2010) (quoting *Mohawk*, 558 U.S. at 107, 130 S. Ct. at 605). The bar set by the collateral order doctrine is high. The sole fact "[t]hat a ruling may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment . . . has never sufficed" to make a decision effectively unreviewable. *Mohawk*, 558 U.S. at 107, 130 S. Ct. at 605 (quoting *Dig. Equip.*, 511 U.S. at 872, 114 S. Ct. at 1992). If that class of claims, taken as a whole, can be adequately vindicated by other means, "the chance that the litigation at hand might be speeded, or a 'particular injustic[e]' averted," does not provide a basis for jurisdiction under § 1291. *Id.* at 107, 130 S. Ct. at 605–06 (quoting *Van Cauwenberghe v. Baird*, 486 U.S. 517, 529 (1988)). Pretrial discovery orders are generally not considered final decisions; even an order to disclose potentially privileged material is likewise insufficient by itself to provide jurisdiction. *See id.* at 108, 130 S. Ct. at 606.

But unsealing a document cannot be undone, for "[s]ecrecy is a one-way street" and "[o]nce information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). This problem has led other circuits to conclude that sealing and unsealing orders are effectively unreviewable on appeal from a final judgment.[1]

This rationale is even more persuasive where, as here, a third party like Humana was required to produce potentially sensitive documents. The harm to third parties is not the admission of adverse evidence at trial (an error potentially correctable for a party on retrial), but the disclosure of their confidential and

---

[1] *See, e.g., United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 134 (2d Cir. 2017); *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016); *Apple Inc. v. Samsung Elec. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013); *Ameziane v. Obama*, 620 F.3d 1, 5 (D.C. Cir. 2010). Other circuits have reviewed on appeal sealing and unsealing orders under the collateral order doctrine, but these cases arose prior to *Mohawk. See, e.g., Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 674 n.4 (4th Cir. 2004); *Romero v. Drummond Co.*, 480 F.3d 1234, 1242 (11th Cir. 2008).

sensitive information without full access to appellate review. Third parties have no power to control the course of litigation nor any influence over appeal from a final judgment. A third party may of course petition for a "writ of mandamus" or may "defy a disclosure order and incur court-imposed sanctions." *Mohawk*, 558 U.S. at 109–12, 130 S. Ct. 606–608; s*ee also In re United States Dep't of Homeland Sec.*, 459 F.3d 565, 568 (5th Cir. 2006) ("Mandamus is appropriate if the district court errs in ordering the discovery of privileged documents, as such an order would not be reviewable on appeal."). Mandamus review, however, is very narrow, and incurring sanctions is risky.

Like the other circuits, we conclude that because sealing and unsealing orders are effectively unreviewable on appeal, and because Humana's appeal otherwise suits the criteria for collateral order review, we have appellate jurisdiction.[2]

## THE UNSEALING ORDER

Appellate review of a motion to seal or unseal documents is for abuse of discretion. *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689 (5th Cir. 2010). The deferential abuse-of-discretion standard is violated "when [the court's] ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 233 (5th Cir. 2016) (quotation omitted).

The decision whether to allow public access to court records "is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the

---

[2] In a recent case involving the collateral order doctrine and a third-party document production order, this court did not reach the question whether third-party status alone, absent some constitutional or other issue that calls into question the "general familiarity of courts with standards governing [the dispute]," may suffice to invoke the collateral order doctrine. *Whole Woman's Health v. Smith*, 896 F.3d 362, 368 (5th Cir. 2018). At issue there was the First Amendment claim of a religious institution to protection from discovery of internal governance documents. Here, the question is the unsealing of assertedly confidential business information, and the issue of appealability has been discussed in numerous other courts.

relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599, 98 S. Ct. 1306, 1312–13 (1978). In exercising this discretion, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Sec. & Exch. Comm'n. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). Undergirding balancing is a "presumption in favor of the public's common law right of access to court records." *Id.* at 849. This presumption reflects the fact that "[p]ublic confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *Holy Land Found.*, 624 F.3d at 690 (second alteration in original) (citation omitted).

The parties dispute whether this presumption in favor of public access equates to a burden of proof, and if so, who bears the burden. Several other circuits have held that the presumption is "strong." *See, e.g.*, *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990); *Bank of Am Nat'l Trust v. Hotel Rittenhouse*, 800 F.2d 339, 344 (3d Cir. 1986). But this court has repeatedly refused to so characterize the public access presumption as "strong" or require a strong showing of proof. *See, e.g.*, *United States v. Sealed Search Warrants*, 868 F.3d 385, 393–95 (5th Cir. 2017); *Van Waeyenberghe*, 990 F.2d at 848 n.4; *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 433–34 (5th Cir. 1981). Rather, in this circuit the decision to seal or unseal records is to be analyzed on a case-by-case basis, *Sealed Search Warrants*, 868 F.3d at 390, and the individualized decision is best left to the sound discretion of the district court. *Belo*, 654 F.2d at 430 (citing *Nixon*, 435 U.S. at 599, 98 S. Ct. at 1312–13). Although this court in *Holy Land* cited out-of-circuit precedent to characterize the presumption in favor of public access as "strong," *Holy Land*, 624 F.3d at 690, the language did not translate to a burden of proof or otherwise play any role in the court's analysis. This circuit plainly adheres to the principles articulated in *Sealed Search Warrants*, *Van Waeyenberghe*, and their progeny.

Consequently, in two scenarios we have held that a district court abuses its discretion in decisions to seal or unseal documents:  failure to identify and apply the proper legal standards, or failure to provide sufficient reasons for its decision to enable appellate review. *See Sealed Search Warrants*, 868 F.3d at 396–98; *Van Waeyenberghe*, 990 F.2d at 848–49.  The district court committed neither error here, and in fact diligently provided Humana every opportunity to vindicate its interests.  While the district court did characterize the presumption as "strong," this characterization does not seem to have improperly influenced the court's analysis.  The court held two hearings and proceeded document-by-document and line-by-line to determine which sections of the documents should be redacted or sealed entirely.  Humana, as noted above, did not engage in this discussion.  When Humana could not articulate any specific harm created by the disclosure, offered nothing but conclusory statements to support a blanket claim of confidentiality, and was unprepared to defend its claim that specific portions of the documents were confidential, the district court did not abuse its discretion by concluding that the public access presumption overbore Humana's interest in confidentiality.

Humana repeats on appeal that making these documents publicly accessible would provide the company's competitors with confidential information such as "negotiating strategy, prices, rates, projections, and other financial information."  Humana's argument fails in three respects.  First, the bald assertion of competitive harm is insufficient, and Humana was repeatedly unable to articulate a specific harm that would be caused by the disclosure of the documents.  Second, Humana ignores the fact that any documents not placed into the record will remain subject to the district court's protective order and are restricted to "attorney's eyes only."  This fact was noted by Judge Foote several times.  Third, those documents that are ultimately filed on the record are still subject to the court's redaction requirements, which cover all "information that reveal[s] reimbursement rates and percentages, fee schedules, overall percentage increases from year to year, and amounts and percentages of bonuses."  Thus,

despite Humana's lack of engagement with the sealing and unsealing process, the court's order properly respected the confidential nature of sensitive business information and adequately protected information whose disclosure might conceivably cause competitive harm.

Humana additionally contends that the district court failed to make a gateway determination that the relevant documents were "judicial records" prefatory to issuing its protective order. *See Sealed Search Warrants*, 868 F.3d at 396 n.4 (whether documents are "judicial records" subject to the public access presumption is a "gateway issue"). This argument misapprehends the court order. The district court's order addressed, prior to filing the documents in the public record, "whether or not these would be filed under seal." In other words, the district court was undertaking to determine in advance whether documents would be filed sealed or unsealed *once placed into the record*. Once a document is filed on the public record it becomes a "judicial record." *See, e.g.*, *Van Waeyenberghe*, 990 F.2d at 849. Humana's position would require the district court to wait until a document is filed before ruling on a motion to seal. Such a ruling would not only be inefficient but would "require [this court] to direct the trial judge in the practical management and operation of [her] courtroom, a course we are loath to take in any but the most extreme circumstances." *Belo*, 654 F.2d at 432.

For these reasons, the district court's order was not an abuse of discretion. The court identified and applied the proper legal standards and provided its reasons with sufficient specificity to enable meaningful appellate review. The court conducted multiple hearings, which offered Humana an ample, but squandered, opportunity to defend the entire confidentiality of its documents. Finally, the court attempted to protect Humana's legitimate business needs by redacting competitively sensitive confidential information.

## CONCLUSION

The district court's amended protective order, as elaborated in its orders with respect to Humana's documents, is **AFFIRMED**.