# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2021

Lyle W. Cayce
Clerk

No. 20-20490
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JULIA ANN POFF,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-669-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.
PER CURIAM:*

Julia Ann Poff pleaded guilty pursuant to a written agreement with the Government to transporting an explosive with the intent that the explosive be used to kill, injure, and intimidate, 18 U.S.C. § 844(d), based on her mailing an improvised explosive device to President Barack Obama. The

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20490

district court sentenced Poff to 120 months in prison, the statutory maximum and effective guidelines range, to be followed by a three-year term of supervised release. She appeals the district court's denial of her motion for compassionate release or for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and the denial of her motion for reconsideration.

We review a district court's decision denying a motion for compassionate release and a motion for reconsideration for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008). A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

While the district court discussed U.S.S.G. § 1B1.13 in its order, there is nothing in the record to indicate that it felt bound by this policy statement and its commentary. Instead, the record shows that the district court's denial of relief was also based on its balancing of the 18 U.S.C. § 3553(a) factors and that the district court did not abuse its discretion by denying the motion. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693. Poff's arguments that amount to a disagreement with the district court's weighing of the § 3553(a) factors do not suffice to show error. *See Chambliss*, 948 F.3d at 694. Poff otherwise fails to establish that the district court's denial of her motion was based on a legal error or a clearly erroneous factual finding. *See Shkambi*, 993 F.3d at 393; *Chambliss*, 948 F.3d at 693; *Henderson*, 636 F.3d at 717. Finally, Poff has not shown that the district court abused its discretion in denying her motion to reconsider. *See Rabhan*, 540 F.3d at 346-47.

Accordingly, the judgment is AFFIRMED. Poff's motions to expedite her appeal and for immediate release are DENIED. Poff's motion

No. 20-20490

to seal medical records attached as an exhibit to the memorandum in support of her motion to expedite her appeal is GRANTED. *See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).