NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0257n.06

No. 21-3330

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 28, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION. | ) ) | |
| _____ | ) | |
| BENNIE ADAMS, | ) ) | |
| Plaintiff, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| STANLEY T. ADAMS, et al., | ) ) | COURT FOR THE SOUTHERN DISTRICT OF |
| Plaintiffs - Appellees, | ) ) | OHIO |
| ASHFORD THOMPSON; VON CLARK DAVIS; CALVIN MCKELTON, | ) ) ) | OPINION |
| Intervening Plaintiffs - Appellees, | ) ) | |
| v. | ) ) | |
| RICHARD MICHAEL DEWINE, Governor, State of Ohio, et al., | ) ) ) | |
| Defendants - Appellants. | ) ) | |

Before: SUTTON, Chief Judge; CLAY and WHITE, Circuit Judges.

**CLAY, Circuit Judge.** Defendants, Ohio Governor Michael DeWine and named and anonymous personnel involved in Ohio's execution process ("the State"), appeal from the district court's order denying their motions for a protective order and to seal part of the record in this long-running litigation brought by death-row inmates challenging Ohio's lethal-injection protocol, filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, we **AFFIRM**.

## I. BACKGROUND

This litigation involves challenges by Ohio capital prisoners to the constitutionality of Ohio's lethal-injection protocol and has been pending for over a decade. *In re Ohio Execution Protocol*, 860 F.3d 881, 884–86 (6th Cir. 2017) (en banc). However, the focus of this appeal is narrow and involves only the issue of protecting the anonymity of one of the State's former employees of the Department of Rehabilitation and Correction ("DRC"), namely, DRC Employee No. 1.

After one of the named Plaintiffs deposed DRC Employee No. 1 in support of a motion for preliminary injunction, the State moved for a protective order requiring Plaintiffs to file a redacted version of the deposition testimony replacing all references to DRC Employee No. 1's identity with his pseudonym. Specifically, it moved to exclude information that "identifies or reasonably would be likely to identify any person or entity who participates in the acquisition or use of drugs used to carry out court-ordered executions in Ohio." (Mot. for Protective Order, R. 2430, PageID # 116572). The magistrate judge granted the protective order but noted that the State would need more compelling justifications should the deposition later be used as substantive evidence.

Soon thereafter, an Associated Press Reporter, Andrew Welsh-Huggins, sought a copy of a witness list, which bore DRC Employee No. 1's name, for a news article "on Ohio's ongoing lethal injection litigation." (Mot. Requesting Copies, R. 2569). The State responded by asking to seal that witness list. In November 2019, the magistrate judge reaffirmed[1] in a substituted decision that the State had forfeited its confidentiality interest in protecting the link between DRC

---

[1] Prior to the State's filing of the motion to seal, several Plaintiffs moved to admit the deposition testimony of DRC Employee No. 1 as substantive evidence in support of their motions for preliminary injunction. The magistrate judge granted the motion, finding that the testimony contained information relevant to the motions, and observing that DRC Employee No. 1's name "appears 885 times in the record in this case, the vast majority of times in public filings before any request for anonymity was made." (Order, R. 2566, PageID # 129681). The State appealed, and the district court recommitted the matter to the magistrate judge for reconsideration.

Employee No. 1 and the procurement of execution drugs, granted Welsh-Huggins' request, and denied the State's motion to seal. The State objected, and the district court again recommitted the matter to the magistrate judge for further consideration.

In early 2020, DRC Employee No. 1 retired and no longer was involved in procuring execution drugs for the State. The magistrate judge issued a supplemental order[2] and again concluded that the State had forfeited its interest in preserving DRC Employee No. 1's anonymity. It noted that the State provided only "speculation belied by the evidence" on how disclosure might limit its ability to obtain execution drugs and, accordingly, that it had failed to carry its burden. (Order, R. 3469, PageID ## 162733–35). The State appealed to the district court. The court first concluded that the order was a non-dispositive pretrial matter and thus subject to the "clearly erroneous or contrary to law" standard of Rule 72(a) of the Federal Rules of Civil Procedure. Agreeing with the magistrate judge, the court affirmed the denial of the State's motion for protective order and request to seal documents. This timely appeal followed.

## II. DISCUSSION

### A. Appellate Jurisdiction

Plaintiffs contend that this Court lacks jurisdiction to consider this appeal. However, this Court deems orders on motions to seal immediately appealable collateral orders. *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 592 (6th Cir. 2016). The present appeal satisfies the requirements of the collateral-order doctrine. The district court's order conclusively

---

[2] In March 2020, after DRC Employee No. 1's retirement, the magistrate judge issued an order to show cause "question[ing] whether there is still a live controversy as to the continued claims of anonymity as to DRC Employee No. 1, and whether Defendants have standing to assert such claims on behalf of Employee No. 1." (Order to Show Cause, R. 2893, PageID # 152693). After briefing on the order was complete, approximately nine months elapsed without further action by the magistrate judge with respect to that order, due in part to delays generated by the pandemic. Then, in November 2020, the magistrate judge issued a second order to show cause directing the State to provide evidence to substantiate its concerns about potential harm to DRC Employee No. 1 "beyond mere speculation" and using "properly-authenticated evidence." (Order to Show Cause, R. 3453, PageID # 162606).

determined the disputed issue—whether references to DRC Employee No. 1's identity should be sealed—thereby resolving a question separate from the merits of the Plaintiffs' constitutional challenge to Ohio's lethal-injection protocol; the order on the motion to seal would be effectively unreviewable on appeal from a final judgment since a decision to unseal a document is not easily undone once information is made public. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 449 (5th Cir. 2019) (noting that information cannot be made secret again once published and sealing and unsealing orders are effectively unreviewable on appeal from a final judgment). This Court has appellate jurisdiction to review the district court's order on the motion to seal.

## B. Standard of Review

This Court reviews a district court decision concerning the sealing of court documents or records for an abuse of discretion. *Rudd Equip. Co.*, 834 F.3d at 593. The State suggests that the denied motion to seal should be construed as a "dispositive" order, and the magistrate judge's order should have been subject to *de novo* review by the district court. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B). This argument is mistaken. Rule 72(b) is limited by its language to dispositive motions or prisoner challenges to the conditions of confinement, neither of which applies to the State's request to seal the identity of DRC Employee No. 1. The district court correctly applied the clearly erroneous standard of review in Rule 72(a) for objections to a magistrate judge's decision on non-dispositive matters. *See Chesher v. Allen*, 122 F. App'x 184, 187 (6th Cir. 2005) (per curiam). We review for an abuse of discretion.

## C. Merits Analysis

In denying the State's motion to seal, the district court concluded that the State had forfeited any interest in maintaining the confidentiality of DRC Employee No. 1's identity. We agree.

Courts recognize a "strong presumption in favor of openness" regarding court records. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). A district court's discretion to seal its records is limited by the "presumptive right of the public" to access judicial documents, and only the most compelling reasons justify non-disclosure of such records. *Rudd Equip. Co.*, 834 F.3d at 593. Even when a party shows a compelling need to seal a document, the order sealing the document must be narrowly tailored to serve that justification. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

In this case, the district court reasonably concluded that the State forfeited its confidentiality interest when it voluntarily disclosed and failed to protect the information it now seeks to seal from the public eye. DRC Employee No. 1's role in procuring execution drugs for Ohio has been identified in publicly accessible documents, including filings made by the State itself, throughout this litigation. The former employee testified in a deposition without objection or pseudonym that he was the "responsible pharmacist" at the Southern Ohio Correctional Facility, which administered Ohio's death penalty, and was in charge of "procurement and distribution[] [and] storage" of the drugs. (Dep. Tr., R. 1073-5, PageID # 41591; *see* Tr., R. 2117, PageID ## 104542–44, 104548).

More examples abound. In a 2016 deposition, the DRC Managing Director identified DRC Employee No. 1 by name as one of the individuals involved in collecting the drugs for the State's lethal-injection protocol. In another witness list that it has never moved to seal, the State identified DRC Employee No. 1 by name and noted that he "will testify regarding ODRC procedures for procurement, licensing, handling, transfer, transportation, delivery, storage and maintenance of drugs used in executions." (Notice, R. 1974, PageID # 87976; *see also* Notice, R. 1975, PageID # 88068). By contrast, some other names on the witness list were pseudonymized. At the resulting

hearing on a motion for a preliminary injunction, DRC Employee No. 1 testified, without anonymity, that he was involved in the process of obtaining execution drugs for the State. Other documents—including the State's opposition to a motion *in limine* seeking to exclude or limit DRC Employee No. 1's testimony, invoices for lethal injections, and emails inquiring about the importation of drugs for executions—identify DRC Employee No. 1 by name and reflect his knowledge of and involvement in the drug procurement process.

The State cannot maintain that this individual's identity in drug-procurement activities should be made secret when, in open court, the same information has been disclosed time and again. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004) ("Once [information] is public, it necessarily remains public."). While the State seeks to protect the identity of DRC Employee No. 1 due to the potential for harassment, this concern is inconsistent with its previous repeated and public identification of him as a procurer of lethal-injection drugs. Accordingly, the district court did not abuse its discretion in relying on the State's forfeiture to deny its request to seal these records.

Defendants offer little else to challenge the district court's forfeiture conclusion. What responses they do put forth fall short.

First, while the State contends that the prior references to DRC Employee No. 1 did not specifically tie him to the process of procuring lethal-injection drugs, this contention is belied by the employee's testimony in the district court and the many other references to him in the record.

Second, the State invokes an earlier decision from this litigation, *Fears v. Kasich (In re Ohio Execution Protocol Litig.)*, 845 F.3d 231, 240 (6th Cir. 2016), to prove it has a confidentiality interest in protecting the identity of those who procure the execution drugs. In *Fears*, we affirmed the district court's entry of a protective order, which precluded disclosing identifying information

of those involved in supplying or obtaining lethal-injection drugs. *Id.* at 233. In a general sense, the case recognizes the State's confidentiality interest related to the death-penalty process and those involved in it. Nevertheless, *Fears* does not control the instant matter. For one, that case involved a discovery protective order, and a motion to seal a court record is held to a much higher standard. *Shane Grp.*, 825 F.3d at 305 ("[T]here is a stark difference between so-called 'protective orders' entered pursuant to . . . discovery . . . and orders to seal court records[.]"). Additionally, the State has not demonstrated how obtaining relief in *Fears* compels a similar conclusion in the current appeal, given the strong presumption in favor of openness for court records. *See Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020). Most importantly, the *Fears* case did not implicate the question of forfeiture of relevant interests.

Third, the State argues that Ohio's Execution Secrecy Bill, codified at Ohio Revised Code §§ 2949.221, 2949.222, supports the conclusion that DRC Employee No. 1's identity should be sealed. That statute, which provided for the confidentiality of information concerning state employees who participated in the administration of a lethal-injection execution, is inapposite; it lapsed in March 2017, so it cannot apply to information that arose thereafter. *See* Ohio Rev. Code § 2949.221(B). Even if this statute applied in federal court, it protected from disclosure only information or records possessed by any agency or office "established by the laws of [Ohio]." Ohio Rev. Code § 117.01(D). Ohio law did not establish federal courts, so that law could not prohibit such courts from disclosing federal court documents.

Fourth, the State obliquely contends that the litigation has shifted over time, which has led to more focus on DRC Employee No. 1's role and augmented the State's interest in protecting his identity. This response does nothing to rebut the fact that the information has already been made

public.  More to the point, the State has not shown that its desire for confidentiality overcomes the presumption of openness of court records.

Fifth, the State questions the inmates' motivations for opposing the anonymity of DRC Employee No. 1.  But again, this does nothing to overcome the public interest in the transparency of court records.

### III.   CONCLUSION

For these reasons, this Court **AFFIRMS** the district court's order denying the State's motion to seal.